IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BARR LABORATORIES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.05-29 (JJF) |

**BARR LABORATORIES' NOTICE OF DEPOSITION OF
PLAINTIFF CEPHALON, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, on May 26, 2005, commencing at 9:30 a.m., at the offices of WINSTON & STRAWN LLP, 200 Park Avenue, New York, New York 10166, attorneys for Defendant Barr Laboratories, Inc. ("Barr") will take the deposition upon oral examination of Plaintiff Cephalon, Inc. ("Cephalon") in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, to elicit testimony from Cephalon on the matters described in Schedule A, attached hereto.

Pursuant to Rule 30(b)(6), Cephalon is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to each of the topics set forth in the attached Schedule A. No later than five (5) business days prior to the scheduled deposition date, Cephalon is requested to designate in writing to Barr the names and employment positions of the persons who will testify on its behalf, specifying the matters as to which that person will testify.

Similarly, no later than five (5) business days prior to the scheduled deposition date, Cephalon is expected to produce all documents responsive to Barr's document requests that concern the matters described in Schedule A.

The oral examinations will be conducted before a court reporter, notary public, or other person authorized by law to administer oaths. The oral examination will be recorded by stenographic and videographic means, and will continue from day to day until completed. All counsel of record are invited to attend the deposition and examine the deponent (or deponents) in accordance with the Rules.

Dated: May 12, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (#1088)
Richard H. Morse (#531)
Glenn C. Mandalas (#4432)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
Tel: (302) 571-6600
jingersoll@ycst.com

George C. Lombardi
Bradley C. Graveline
Michael K. Nutter
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
glombardi@winston.com

OF COUNSEL
Robert C. Millonig
Heidi L. Kraus
STERNE KESSLER GOLDSTEIN & FOX PLLC
1100 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-3600

Attorneys for Defendant Barr Laboratories, Inc.

## SCHEDULE A

### Definitions

A. The term "the '737 patent" shall mean U.S. Patent No. 4,863,737.

B. The term "the '953 patent" shall mean U.S. Patent No. 4,671,953.

C. The term "Barr" shall mean Barr Laboratories, Inc., and where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

D. The term "Cephalon" shall mean Cephalon, Inc., and where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

E. The term "the Foundation" shall mean the University of Utah Research Foundation, and where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

F. The term "ANDA" shall mean Abbreviated New Drug Application.

G. The term "NDA" shall mean New Drug Application.

H. The term "INDA" shall mean Investigational New Drug Application.

I. The term "FDA" shall mean the United States Food and Drug Administration.

J. The term "Barr's ANDA" shall mean ANDA No. 77-312.

K. The phrase "Barr's Fentanyl Products" shall mean Barr's 0.2 mg, 0.4 mg, 0.6 mg, 0.8 mg, 1.2 mg, and 1.6 mg oral transmucosal fentanyl citrate products, which are the subject of Barr's ANDA No. 77-312.

## Topics

1. Cephalon's decision to develop and/or market the ACTIQ® oral transmucosal fentanyl citrate products.

2. The preparation and/or prosecution by Cephalon or any other person or entity of the patent application(s) leading up to the issuance of the '737 patent.

3. The arguments made by Cephalon or any other person or entity to the United States Patent and Trademark Office during the examination or prosecution of the '737 patent, including, but not limited to, the Response (Paper No. 8) submitted to the patent Examiner's communication mailed April 27, 1988 (Paper No. 5).

4. The arguments made by Cephalon or any other person or entity to the United States Patent and Trademark Office during the examination or prosecution of the '953 patent, which relates to the '737 patent.

5. The basis for Cephalon's belief that the '737 patent is a continuation-in-part to the '953 patent, including, but not limited to, a description of any new matter added to the specification of the '737 patent.

6. Each prior art search that Cephalon or any other person or entity conducted that concerned in any way either the prosecution of the '953 patent, the '953 patent, the prosecution of the '737 patent, 'the 737 patent, or any foreign counterpart to the '737 patent.

7. Each claim of the '737 patent that Cephalon alleges that Barr infringes or will infringe, including, but not limited to, Cephalon's construction of each of the claims of the '737 patent and the complete factual bases for Cephalon's asserted construction for each of these claims.

8. The non-privileged, factual basis for Cephalon's contentions in its Complaint that Barr's Fentanyl Products have infringed or will infringe the '737 patent, including the identification of any documentary evidence upon which Cephalon intends to rely upon to support its infringement assertions.

9. The research and development (including, but not limited to, the design, formulation, evaluation, in vivo, in vitro or clinical testing or modification) of the inventions claimed in the '737 patent, Cephalon's ACTIQ® products, and any other Cephalon oral transmucosal fentanyl citrate product.

10. Any and all communications between Cephalon and the inventors of the '737 patent, including, but not limited to, communications concerning the validity, invalidity, enforceability, scope and/or infringement of the claims of the '737 patent.

11. Any and all communications between Cephalon and the Foundation regarding the '737 patent, including but not limited to, communications concerning licensing the '737 patent.

12. Any and all communications between Cephalon and the Foundation regarding the validity, invalidity, enforceability, scope and/or infringement of the claims of the '737 patent.

13. The NDA filed for 0.2 mg, 0.4 mg, 0.6 mg, 0.8 mg, 1.2 mg, and 1.6 mg ACTIQ®, and any INDA filed for 0.2 mg, 0.4 mg, 0.6 mg, 0.8 mg, 1.2 mg, and 1.6 mg ACTIQ®.

14. The validity, enforceability, patentability, infringement and/or scope of the claims of the '737 patent, including any legal opinion prepared by Cephalon, on behalf of Cephalon, by the Foundation, or on behalf of the Foundation, concerning any or all of those subjects.

15. Cephalon's organizational structure, including, but not limited to, the identity of each officer, director, employee, consultant, agent or representative of Cephalon who has ever

had responsibility for the research, development, manufacture, testing, clinical trials, evaluations, FDA submissions, licensing, marketing, advertising, or sales of ACTIQ®.

16.    The decision to seek FDA approval for any Cephalon oral transmucosal fentanyl citrate product.

17.    Cephalon's involvement in any FDA proceeding regarding any Cephalon oral transmucosal fentanyl citrate product.

18.    Any comparisons of any oral transmucosal fentanyl citrate product with any other oral transmucosal fentanyl citrate product, including, but not limited to, ACTIQ®.

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire hereby certify that on May 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801

I further certify that on May 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> William F. Lee, Esquire
> David B. Bassett, Esquire
> Peter Kolovos, Esquire
> Wilmer Cutler Pickering Hale & Dorr, LLP
> 60 State Street
> Boston, MA 02109

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Glenn C. Mandalas
> Glenn C. Mandalas (No. 4432)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> gmandalas@ycst.com
>
> Attorneys for Barr Laboratories, Inc.