**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| CEPHALON, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.05-29 (JJF) |
| v. | ) ) ) | |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT BARR LABORATORIES' MOTION
TO COMPEL PLAINTIFFS TO PROVIDE DISCOVERY**

Dated: May 17, 2005

George C. Lombardi
Bradley C. Graveline
Michael K. Nutter
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
glombardi@winston.com

OF COUNSEL
Robert C. Millonig
Heidi L. Kraus
STERNE KESSLER GOLDSTEIN & FOX PLLC
1100 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-3600

Attorneys for Defendant Barr Laboratories, Inc.

Josy W. Ingersoll (#1088)
Richard H. Morse (#531)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
Tel: (302) 571-6600
jingersoll@ycst.com

## INTRODUCTION

Nearly two months after Defendant Barr Laboratories, Inc. ("Barr") served its First Set of Requests for Production, Plaintiffs Cephalon Inc. and The University of Utah Research Foundation (collectively "Plaintiffs") have yet to produce a single responsive document. Although Plaintiffs' counsel have repeatedly acknowledged their discovery obligations, and have not objected to the substance of Barr's document requests, they refuse to provide a date certain when Barr can expect to receive *any* of the requested documents. They have further indicated that Plaintiffs' production will be on a "rolling basis," while refusing to indicate a date certain when they expect to fully comply with Barr's Requests. This lackadaisical approach to discovery is unacceptable.

The same holds true for Plaintiffs' Responses to Barr's First Set of Interrogatories. Despite specific interrogatories requesting the basis for Plaintiffs' infringement allegations, Plaintiffs refused to timely respond and instead objected to the interrogatories as premature. Moreover, Plaintiffs' responses to the majority of Barr's remaining interrogatories rely upon Rule 33(d), despite the fact that Plaintiffs have yet to produce the documents they are purportedly relying upon. Such responses are wholly improper.

Plaintiffs have no justification for these deficiencies, other than their obvious motivation to delay resolution of this case until after September 5, 2006—the expiration date of the patent-in-suit. Blatant attempts such as these to delay this case are inappropriate and should not be condoned. Accordingly, this Court should order Plaintiffs to immediately provide Barr with the routine discovery it seeks.

## BACKGROUND

Plaintiffs filed the instant action on January 20, 2005, alleging that Barr infringes or will infringe U.S. Patent No. 4,863,737 ("the '737 patent"), which is set to expire in

approximately 15½ months.   With this in mind, the parties jointly submitted, and this Court entered, a stipulated Scheduling Order that provides for an expedited discovery schedule.  Thus, written discovery began on March 18, 2005, and oral discovery was to begin on May 2, 2005.

On March 24, 2005, Barr served its First Set of Rule 33 Interrogatories (Nos. 1-12) and Rule 34 Requests (Nos. 1-84).  Plaintiffs served their Responses to Barr's Interrogatories (Exhibits 1 and 2) and Document Requests (Exhibits 3 and 4) on April 27, 2005.  Noticeably absent from Plaintiffs' Responses was the production of any of the requested documents. Although Plaintiffs' counsel indicated that such documents would be produced on a "rolling basis," no documents have been produced to date.  This deficiency is further compounded by the fact that Plaintiffs failed to provide written answers to Interrogatories Nos. 3-7, 9, and 10, but rather indicated responsive information could be derived from documents that Plaintiffs *will produce* in the future (relying upon Rule 33(d)).

Additionally, Plaintiffs refused to provide responses to Interrogatories Nos. 1 and 2, instead objecting to Barr's requests for the basis for Plaintiffs' infringement allegations, as well as Plaintiffs' proposed claim constructions, on the grounds that such requests were "premature."

Having not received any responsive documents almost two weeks after the Rule 34 deadline, Barr sent a letter to Plaintiffs' counsel on May 10, 2005 (Exhibit 5), detailing the numerous deficiencies in Plaintiffs' discovery responses and requesting a Rule 37 conference. During the Rule 37 conference, held on May 13, 2005, counsel for Plaintiffs indicated that (1) they could not provide a date certain when *any* responsive documents would be produced[1], let alone when Barr could expect production to be completed; and (2) Plaintiffs would not withdraw

---

[1] Counsel for Plaintiffs suggested that he would have a better idea of a timeframe for production at the end of the week of May 18, after a visit to his clients' facilities.

2

their interrogatory responses citing Rule 33(d) despite the fact that Plaintiffs had yet to produce the documents purportedly relied upon. Moreover, Plaintiffs' counsel suggested that they provide the basis for their infringement allegations and proposed claim construction on May 27th, only one business day before the Scheduling Order's June 1 deadline for the parties to advise the Court whether a dispute exists. In the spirit of cooperation, Barr requested that Plaintiffs provide the requested information by May 20th. Unfortunately, the parties were unable to reach a compromise. (*See* Exhibit 6, May 13th letter to D. Esrick*)*.

Accordingly, pursuant to Local Rule 7.1.1, Barr states that it has made a good faith and reasonable effort to reach an agreement with Plaintiffs to resolve these issues, but has been unable to do so.

## ARGUMENT

### I.    Plaintiffs Should Be Compelled To Provide Documents Responsive to Barr's Rule 34 Requests

Rule 37 states that "if a party, in response to a request for inspection submitted under Rule 34, . . . fails to permit inspection as requested, the discovering party may move for an order compelling . . . inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(b). Plaintiffs do not dispute that the information sought by Barr in its Rule 34 Requests is relevant. Rather, they have simply failed to provide the responsive documents and cannot provide a date certain upon which said documents will be produced. Plaintiffs have no justification for its failure to provide the requested discovery—nor could they. Plaintiffs filed the instant action almost four months ago. Moreover, they agreed to the expedited discovery schedule. During attempts to resolve this dispute, Plaintiffs' counsel acknowledged that Barr's requests are directed to categories of documents routinely sought in patent infringement cases. Thus,

Plaintiffs have no basis for failing to provide the requested information and have had more than enough time to locate and produce the requested documents.

## II.    Plaintiffs' Reliance Upon Rule 33(d) In Response To Interrogatories Nos. 3-7, 9 and 10 Is Improper

Further complicating matters is Plaintiffs' decision to provide boilerplate Rule 33(d) responses to all but three of Barr's interrogatories. Since Plaintiffs have yet to produce the documents they are ostensibly relying upon, their responses to Interrogatories Nos. 3-7, 9 and 10 are improper. Plaintiffs should be compelled to provide the requested information rather than hide behind Rule 33(d).

Moreover, Plaintiffs' refusal to provide discovery in a timely manner severely prejudices Barr. Indeed, the Scheduling Order allows for the taking of depositions as early as May 2nd. Without the requested discovery, however, Barr does not have the information it needs to move forward with depositions. Plaintiffs' motives are transparent—delay resolution of this action until after the '737 patent expires in September 2006. Plaintiffs' deliberate attempts to hinder discovery in this case should be sanctioned and Plaintiffs should be further compelled to immediately provide responsive documents and supplemental interrogatory responses.

## III.   Plaintiffs Should Be Compelled To Provide Claim Construction And Infringement Charts in Response to Interrogatories Nos. 1 and 2

Similarly, Plaintiffs' objections that Barr's Interrogatories Nos. 1 and 2—which seek the basis for Plaintiffs' infringement allegations, as well as their proposed claim constructions—are "premature" ignores reality and is without merit. Indeed, the Scheduling Order requires that the parties inform the Court on June 1, 2005, whether there is a dispute regarding claim construction, thus necessitating a *Markman* hearing. Without Plaintiffs' complete responses to Interrogatories Nos. 1 and 2, however, Barr will not be in a position to timely advise the Court by the June 1 deadline.

4

## CONCLUSION

For the foregoing reasons, the Court should compel Plaintiffs to immediately produce documents responsive to Barr's Rule 34 Requests and to provide full and complete Responses to Interrogatories Nos. 1-7, 9 and 10.

Dated: May 17, 2005                                    Respectfully submitted,

George C. Lombardi                         Josy W. Ingersoll (#1088)
Bradley C. Graveline                       Richard H. Morse (#531)
Michael K. Nutter                          Glenn C. Mandalas (#4432)
WINSTON & STRAWN, LLP                      YOUNG CONAWAY STARGATT & TAYLOR, LLP
35 West Wacker Drive                       The Brandywine Building, 17th Floor
Chicago, IL 60601                          1000 West Street
Tel: (312) 558-5600                        Wilmington, DE 19801
glombardi@winston.com                      Tel: (302) 571-6600
                                           jingersoll@ycst.com

OF COUNSEL
Robert C. Millonig
Heidi L. Kraus
STERNE KESSLER GOLDSTEIN & FOX PLLC
1100 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-3600

Attorneys for Defendant Barr Laboratories, Inc.

5