Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CEPHALON, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-29-JJF |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF CEPHALON, INC.'S RESPONSES TO DEFENDANT BARR LABORATORIES INC.'S FIRST SET OF RULE 34 REQUESTS (NOS. 1-83)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Cephalon, Inc. ("Cephalon") hereby objects and responds to defendant Barr Laboratories, Inc.'s ("Barr") First Set of Rule 34 Requests.

### GENERAL OBJECTIONS AND RESPONSES

1.  Cephalon objects to each request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or by any other applicable privilege or discovery immunity (collectively, "privileged").

2.  Cephalon objects to each request, and to Barr's Definitions and Instructions, to the extent they purport to impose upon Cephalon any obligation beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court, including but not limited to any request that exceeds the scope of Rules 26 and 34.

3.  Cephalon objects to these requests to the extent they are duplicative, repetitive or seek information included in other requests.

1

4. Cephalon objects to each request to the extent it seeks documents that are neither relevant to the claims or defenses of the parties in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. The inadvertent production by Cephalon of documents containing information protected from disclosure by the attorney-client privilege, the work product doctrine, or by any other applicable privilege or discovery immunity, shall not constitute a waiver by Cephalon of such protection.

6. Cephalon objects to each request to the extent it purports to impose a duty on Cephalon to undertake a search for documents beyond a diligent search of files where documents responsive to these requests would reasonably be expected to be found.

7. None of the objections or responses contained herein is an admission relative to the existence of any documents, to the relevance or admissibility of a document, or to the truth or accuracy of any statement or characterization contained in Defendant Barr's First Set of Rule 34 Requests to Plaintiff Cephalon, Inc.

8. Cephalon objects to Barr's definition of "Cephalon" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than Cephalon, Inc. or its officers, directors, or employees. Accordingly, in responding to these requests, Cephalon interprets "Cephalon" to mean only Cephalon, Inc. and its officers, directors, or employees.

9. Cephalon objects to Barr's definition of "Anesta" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than Anesta Corporation or its

2

officers, directors, or employees. Accordingly, in responding to these requests, Cephalon interprets "Anesta" to mean only Anesta Corporation and its officers, directors, or employees.

10. Cephalon objects to Barr's definition of "Foundation" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than the University of Utah Research Foundation or its officers, directors, or employees. Accordingly, in responding to these requests, Cephalon interprets "Foundation" to mean only University of Utah Research Foundation and its officers, directors, or employees.

11. Cephalon's discovery and investigation of facts relevant to this litigation are ongoing. Accordingly, Cephalon reserves its rights to amend, modify or supplement these responses as necessary and in accordance with Fed. R. Civ. P. 26(e).

12. Cephalon objects to these requests to the extent they seek documents that are outside of Cephalon's possession, custody, or control.

13. Cephalon objects to each request as unduly burdensome to the extent it seeks identical copies of documents that are already within Barr's custody or control.

14. Cephalon objects to the production of otherwise non-privileged confidential documents or materials, if any, in the absence of a suitable confidentiality and protective order entered by the Court.

15. Cephalon objects to each request to the extent it seeks documents created after the commencement of this litigation, on the grounds that such documents are neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3

16. Unless otherwise indicated, Cephalon will not produce any documents or other materials encompassed by the foregoing objections.

## SPECIFIC RESPONSES

Specifically incorporating each of the foregoing General Objections into each and every response below, Cephalon responds to each specifically numbered request as follows:

### Request No. 1

All documents and things requested to be identified in Barr's First Set of Rule 33 Interrogatories to Cephalon, Inc. (Nos. 1-12).

### Response to Request No. 1

Subject to, and without waiving its general objections, and incorporating by reference the general and specific objections set forth in its responses to Barr's First Set of Interrogatories, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

### Request No. 2

All documents and things relating to any communications or contacts between Cephalon and the PTO, any present or former PTO examiner, or other PTO employee concerning the Patent-in-Suit, the application from which this patent issued, and/or the invention allegedly described therein.

### Response to Request No. 2

Cephalon objects to this request on the grounds that "all documents and things relating to any communications or contacts" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control concerning the Patent-in-Suit

and the application from which the Patent-in-Suit issued.

**Request No. 3**

All documents and things relating to any communications or contacts between Cephalon
and the PTO, any present or former PTO examiner, or other PTO employee concerning any
applications from which the Patent-in-Suit claims priority and/or the invention allegedly
described therein.

**Response to Request No. 3**

Cephalon objects to this request on the grounds that "all documents and things relating to

any communications or contacts" is vague, ambiguous, overly broad, unduly burdensome and

seeks information that is neither relevant to the claims or defenses of any party in this litigation

nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further

objects to this request to the extent that it seeks documents that are protected from disclosure by

the attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody or control concerning any applications

from which the Patent-in-Suit claims priority.

**Request No. 4**

All documents and things that Cephalon asserts constitute a complete copy of the file
history for the Patent-in-Suit, and any applications from which the Patent-in-Suit claims priority.

**Response to Request No. 4**

Subject to, and without waiving its general objections, Cephalon will produce any non-

privileged documents in its possession, custody, or control that can reasonably be identified as

responsive to this request.

5

**Request No. 5**

All documents and/or information that the Inventors, including their representatives, and Cephalon considered in connection with the development of the invention allegedly described in the Patent-in-Suit, and/or in connection with the prosecution of the Patent- in-Suit, regardless of whether such documents or information was cited to the PTO.

**Response to Request No. 5**

Cephalon objects to this request on the grounds that "all documents and/or information that the inventors, including their representatives, and Cephalon considered" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 6**

All documents and/or information that the Inventors, including their representatives, and Cephalon considered in connection with the development of the invention allegedly described in any applications from which the Patent-in-Suit claims priority, and/or in connection with the prosecution of said applications, regardless of whether such documents or information was cited to the PTO.

**Response to Request No. 6**

Cephalon objects to this request on the grounds that "all documents and/or information that the inventors, including their representatives, and Cephalon considered" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the

6

discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 7**

All documents relating to any research and/or experimentation conducted in connection with the prosecution of the application from which the Patent-in-Suit issued, whether or not disclosed to the PTO.

**Response to Request No. 7**

Cephalon objects to this request on the grounds that "all documents relating to any research and/or experimentation" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 8**

All documents relating to any research and/or experimentation conducted in connection with the prosecution of any application from which the Patent-in-Suit claims priority, whether or not disclosed to the PTO.

**Response to Request No. 8**

Cephalon objects to this request on the grounds that "all documents relating to any research and/or experimentation" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 9**

All documents and things that contain, refer to, discuss, or in any way relate to any data, results, experimental or equipment-related conditions, or protocols, plans, or procedures relating to the experiments, studies, or tests done by the Inventors, Cephalon or any other person for purposes of preparing and/or prosecuting the application from which the Patent- in-Suit issued, including all laboratory notebooks, whether or not disclosed to the PTO.

**Response to Request No. 9**

Cephalon objects to this request on the grounds that "all documents and things that contain, refer to, discuss, or in any way relate" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cephalon further objects to this request to the extent it is duplicative of other Barr requests.

8

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 10**

All documents and things that contain, refer to, discuss, or in any way relate to any data, results, experimental or equipment-related conditions, or protocols, plans, or procedures relating to the experiments, studies, or tests done by the Inventors, Cephalon or any other person for purposes of preparing and/or prosecuting any applications from which the Patent-in-Suit claims priority, including all laboratory notebooks, whether or not disclosed to the PTO.

**Response to Request No. 10**

Cephalon objects to this request on the grounds that "all documents and things that contain, refer to, discuss, or in any way relate" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cephalon further objects to this request to the extent it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 11**

All documents and things from which the data appearing in the Patent-in- Suit and/or the application from which the Patent-in-Suit issued was taken.

**Response to Request No. 11**

Cephalon objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 12**

All documents and things from which the data appearing in any application from which the Patent-in-Suit claims priority was taken.

**Response to Request No. 12**

Cephalon objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 13**

Any and all drafts of the documents that were submitted to the PTO in connection with the prosecution of the application from which the Patent-in-Suit issued, including any internal correspondence and/or memoranda.

10

**Response to Request No. 13**

Cephalon objects to this request on the grounds that "any and all drafts of the documents that were submitted to the PTO" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cephalon further objects to this request to the extent it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 14**

Any and all drafts of the documents that were submitted to the PTO in connection with the prosecution of any application from which the Patent-in-Suit claims priority, including any internal correspondence and/or memoranda.

**Response to Request No. 14**

Cephalon objects to this request on the grounds that "any and all drafts of the documents that were submitted to the PTO" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

### Request No. 15

All documents relating to any opposition, litigation, reissue, reexamination or other proceeding concerning the validity, enforceability, infringement, or extension of the Patent-in-Suit, or of any foreign counterpart of this patent.

### Response to Request No. 15

Cephalon objects to this request on the grounds that "all documents relating to any opposition, reissue, reexamination or other proceeding" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

### Request No. 16

All documents relating to any opposition, litigation, reissue, reexamination or other proceeding concerning the validity, enforceability, infringement, or extension of any application from which the Patent-in-Suit claims priority, or of any foreign counterpart of said application.

### Response to Request No. 16

Cephalon objects to this request on the grounds that "all documents relating to any opposition, reissue, reexamination or other proceeding" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of

12

any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

## Request No. 17

All documents and things that Cephalon asserts constitute a complete copy of the file history for any foreign counterpart of the Patent-in-Suit.

## Response to Request No. 17

Subject to, and without waiving its general objections, Cephalon will produce non-privileged documents in its possession, custody or control that are responsive to this request.

## Request No. 18

All documents and things that Cephalon asserts constitute a complete copy of the file history for any foreign counterpart of any application from which the Patent-in-Suit claims priority.

## Response to Request No. 18

Subject to, and without waiving its general objections, Cephalon will produce any non-privileged documents in its possession, custody or control that are responsive to this request.

## Request No. 19

Any and all drafts of the documents that were submitted to any foreign patent office in connection with the prosecution of application(s) from which any foreign counterparts of the Patent-in-Suit issued, including any internal correspondence and/or memoranda.

## Response to Request No. 19

Cephalon objects to this request on the grounds that "any and all drafts of the documents that were submitted to any foreign patent office" is vague, ambiguous, overly broad, unduly

13

burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 20**

Any and all drafts of the documents that were submitted to any foreign patent office in connection with the prosecution of foreign application(s) related to any application from which the Patent-in-Suit claims priority, including any internal correspondence and/or memoranda.

**Response to Request No. 20**

Cephalon objects to this request on the grounds that "any and all drafts of the documents that were submitted to any foreign patent office" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

14

**Request No. 21**

All documents and things reviewed by and/or considered by any person who provided a declaration or affidavit to the PTO and/or any foreign patent office in the prosecution of (a) the Patent-in-Suit; (b) the application from which the Patent-in-Suit issued; (c) any application from which the Patent-in-Suit claims priority; (d) any foreign counterparts of the Patent-in-Suit, and/or the application(s) from which any foreign counterparts of the Patent-in-Suit issued; and (e) any foreign counterparts of any application from which the Patent-in-Suit claims priority.

**Response to Request No. 21**

Cephalon objects to this request on the grounds that "all documents and things reviewed by and/or considered by any person" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 22**

All internal research reports generated in whole or in part by any of the Inventors, including their representatives, relating to technical information contained in the Patent-in-Suit or the application from which the Patent-in-Suit issued.

**Response to Request No. 22**

Cephalon objects to this request on the grounds that "all internal research reports generated in whole or in part by any of the Inventors" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party

15

in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Cephalon further objects to this request to the extent that it is duplicative of other Barr requests

Subject to and without waiving its general or specific objections, Cephalon will produce any non-privileged internal research reports in its possession, custody, or control that can reasonably be identified as responsive to this request.

## Request No. 23

All internal research reports generated in whole or in part by any of the Inventors, including their representatives, relating to technical information contained in any application from which the Patent-in-Suit claims priority.

## Response to Request No. 23

Cephalon objects to this request on the grounds that "all internal research reports generated in whole or in part by any of the Inventors" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged internal research reports in its possession, custody, or control that can reasonably be identified as responsive to this request.

## Request No. 24

All documents relating to conception and reduction to practice of the invention allegedly described in the Patent-in-Suit.

16

**<u>Response to Request No. 24</u>**

Cephalon objects to this request to the extent that it seeks documents that are protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity. Cephalon further objects to this request to the extent that it

calls for a legal conclusion.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

**<u>Request No. 25</u>**

All documents and things concerning any data, results, experimental or equipment-related
conditions, or protocols, plans, or procedures that relate to the determination of the physical state
of fentanyl base in the commercial form of Cephalon's Actiq®, including, but not limited to,
whether the fentanyl base is in a powdered, granular or crystal form.

**<u>Response to Request No. 25</u>**

Cephalon objects to this request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome and seeks information that is neither relevant to the claims or defenses of

any party in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

**<u>Request No. 26</u>**

All documents and things concerning any data, results, experimental or equipment-related
conditions, or protocols, plans, or procedures that relate to the determination of the physical state
of fentanyl citrate in the commercial form of Cephalon's Actiq®, including, but not limited to,
whether the fentanyl citrate is in a powdered, granular or crystal form.

17

**Response to Request No. 26**

Cephalon objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 27**

All documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon or any other person on any sample of fentanyl base, including all laboratory notebooks.

**Response to Request No. 27**

Cephalon objects to this request on the grounds that "all documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon on any sample of fentanyl base" is vague, ambiguous, overly broad, and unduly burdensome, in that a literal reading of this request could call for Cephalon to produce every document in its possession, custody, or control relating to Actiq®. Cephalon further objects to this request to the extent it seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably likely to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon is willing to meet and confer with Barr to discuss a more specific, narrow, and relevant request.

18

**Request No. 28**

All documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon or any other person on any sample of fentanyl citrate, including all laboratory notebooks.

**Response to Request No. 28**

Cephalon objects to this request on the grounds that "all documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon on any sample of fentanyl citrate" is vague, ambiguous, overly broad, and unduly burdensome, in that a literal reading of this request could call for Cephalon to produce every document in its possession, custody, or control relating to Actiq®. Cephalon further objects to this request to the extent it seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably likely to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon is willing to meet and confer with Barr to discuss a more specific, narrow, and relevant request.

**Request No. 29**

All documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon or any other person on any sample of fentanyl base in substantially powdered form, including all laboratory notebooks.

**Response to Request No. 29**

Cephalon objects to this request on the grounds that "all documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon on any sample of fentanyl base in substantially powdered form" is vague, ambiguous, overly broad, and unduly burdensome, in that a literal reading of this request could call for Cephalon to produce every document in its possession, custody, or control relating to Actiq®. Cephalon further objects to this request to the extent it seeks information that is neither relevant to the claims or defenses of

19

any party in this litigation nor reasonably likely to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon is willing to meet and confer with Barr to discuss a more specific, narrow, and relevant request.

### Request No. 30

All documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon or any other person on any sample of fentanyl citrate in substantially powdered form, including all laboratory notebooks.

### Response to Request No. 30

Cephalon objects to this request on the grounds that "all documents and things relating to the preparation, characterization, testing and/or analysis performed by Cephalon on any sample of fentanyl citrate in substantially powdered form" is vague, ambiguous, overly broad, and unduly burdensome, in that a literal reading of this request could call for Cephalon to produce every document in its possession, custody, or control relating to Actiq®. Cephalon further objects to this request to the extent it seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably likely to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon is willing to meet and confer with Barr to discuss a more specific, narrow, and relevant request.

### Request No. 31

Request No. 31 was inadvertently skipped in Barr's Requests.

### Request No. 32

All documents and things relating to any and all Examples referenced in the Patent-in-Suit, or any applications from which the Patent-in-Suit claims priority.

20

**Response to Request No. 32**

Cephalon objects to this request on the grounds that "all documents and things relating to any and all Examples referenced in the Patent-in-Suit" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 33**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl base, including but not limited to direct compression of fentanyl base.

**Response to Request No. 33**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression of fentanyl base.

21

**Request No. 34**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl citrate, including but not limited to direct compression of fentanyl citrate.

**Response to Request No. 34**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression of fentanyl citrate

**Request No. 35**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl base, including but not limited to direct compression of fentanyl base in a substantially powdered form.

**Response to Request No. 35**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression of fentanyl base in a substantially powdered form.

22

**Request No. 36**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl citrate, including but not limited to direct compression of fentanyl citrate in a substantially powdered form.

**Response to Request No. 36**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression of fentanyl citrate in a substantially powdered form.

**Request No. 37**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl base, including but not limited to wet granulation compression of fentanyl base.

**Response to Request No. 37**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression of fentanyl base.

23

**Request No. 38**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl citrate, including but not limited to wet granulation compression of fentanyl citrate.

**Response to Request No. 38**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression of fentanyl citrate

**Request No. 39**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl base, including but not limited to wet granulation compression of fentanyl base in a substantially powdered form.

**Response to Request No. 39**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression of fentanyl base in a substantially powdered form.

24

**Request No. 40**

All Cephalon publications and manuscripts submitted for publication concerning fentanyl citrate, including but not limited to wet granulation compression of fentanyl citrate in a substantially powdered form.

**Response to Request No. 40**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression of fentanyl citrate in a substantially powdered form.

**Request No. 41**

All Cephalon publications and manuscripts submitted for publication concerning direct compression molding.

**Response to Request No. 41**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression molding.

**Request No. 42**

All Cephalon publications and manuscripts submitted for publication concerning wet granulation compression molding.

**Response to Request No. 42**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression molding.

**Request No. 43**

All Cephalon publications and manuscripts submitted for publication concerning direct compression to create lollipops and/or lozenges.

**Response to Request No. 43**

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning direct compression to create lollipops and/or lozenges.

26

### Request No. 44

All Cephalon publications and manuscripts submitted for publication concerning wet granulation compression to create lollipops and/or lozenges.

### Response to Request No. 44

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning wet granulation compression to create lollipops and/or lozenges.

### Request No. 45

All Cephalon publications and manuscripts submitted for publication concerning the advantages of direct compression over wet granulation compression to create lollipops and/or lozenges.

### Response to Request No. 45

Cephalon objects to this request on the grounds that "all Cephalon publications and manuscripts submitted for publication" is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any published Cephalon manuscripts in its possession, custody, or control concerning the

US1DOCS 5051785v2

advantages of direct compression over wet granulation compression to create lollipops and/or lozenges.

### Request No. 46

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor, concerning direct compression of a drug in a substantially powdered form.

### Response to Request No. 46

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

### Request No. 47

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning wet granulation compression of a drug in a substantially powdered form.

### Response to Request No. 47

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad,

28

unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 48**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning pKa values of a drug in a substantially powdered form.

**Response to Request No. 48**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

29

**Request No. 49**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning pKa values of fentanyl base.

**Response to Request No. 49**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 50**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning pKa values of fentanyl citrate.

**Response to Request No. 50**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible

30

evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

### Request No. 51

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning pKa values of fentanyl base in a substantially powdered form.

### Response to Request No. 51

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

### Request No. 52

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning pKa values of fentanyl citrate in a substantially powdered form.

31

**Response to Request No. 52**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 53**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the lipophilicity of fentanyl base.

**Response to Request No. 53**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

### Request No. 54

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the lipophilicity of fentanyl citrate.

### Response to Request No. 54

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

### Request No. 55

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the lipophilicity of fentanyl base in a substantially powdered form.

<u>**Response to Request No. 55**</u>

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

<u>**Request No. 56**</u>

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the lipophilicity of fentanyl citrate in a substantially powdered form.

<u>**Response to Request No. 56**</u>

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

34

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 57**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the solubility of fentanyl base.

**Response to Request No. 57**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 58**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the solubility of fentanyl citrate.

**Response to Request No. 58**

      Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

      Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 59**

      All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the solubility of fentanyl base in a substantially powdered form.

**Response to Request No. 59**

      Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

36

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 60**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the solubility of fentanyl citrate in a substantially powdered form.

**Response to Request No. 60**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 61**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the buffering of fentanyl base for oral transmucosal delivery.

**Response to Request No. 61**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 62**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the buffering of fentanyl citrate for oral transmucosal delivery.

**Response to Request No. 62**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

US1DOCS 5051785v2

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 63**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the buffering of fentanyl base in substantially powdered form for oral transmucosal delivery.

**Response to Request No. 63**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 64**

All laboratory notebooks containing data, test results, and/or experiments conducted by or on behalf of any Inventor, and/or and any person under the direction and/or control of any Inventor, concerning the buffering of fentanyl citrate in substantially powdered form for oral transmucosal delivery.

39

**Response to Request No. 64**

Cephalon objects to this request on the grounds that "all laboratory notebooks containing data test results, and/or experiments conducted by or on behalf of any Inventor, and/or any person under the direction and/or control of any Inventor" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it is duplicative of other Barr requests.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged laboratory notebook pages in its possession, custody, or control of the named inventors of the Patent-in-Suit, or any person working under their direct control, that can reasonably be identified as responsive to this request.

**Request No. 65**

All documents and things concerning any communications or contacts between Cephalon and/or any agent acting on Cephalon's behalf and any third party, including but not limited to the FDA, concerning (a) the Patent-in-Suit; (b) the application from which the Patent-in-Suit issued; (c) any application from which the Patent-in-Suit claims priority; (d) the invention allegedly described in the Patent-in-Suit; (e) Barr's ANDA; and/or (f) Barr's ANDA Products.

**Response to Request No. 65**

Cephalon objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information which is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged responsive documents in its possession, custody, or control that that are Cephalon's communications or contacts with the FDA relating to the Patent-in-Suit or NDA 20-747, Actiq.

## Request No. 66

All documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf and the FDA regarding any ANDA (whether a specific ANDA or ANDAs in general) that seeks approval for, or otherwise references Actiq®, including Barr's ANDA.

## Response to Request No. 66

Cephalon objects to this request on the grounds that "all documents and things concerning any communications or contacts between Cephalon or any agent acting on Cephalon's behalf regarding any ANDA" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving its general or specific objections, Cephalon will produce any documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

## Request No. 67

All documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf and the FDA regarding Cephalon's NDA.

## Response to Request No. 67

Cephalon objects to this request on the grounds that it is overly broad, unduly burdensome and seeks voluminous information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or discovery immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce non-privileged documents responsive to Barr's request for communications or contacts with the

41

FDA relating to NDA 20-747, Actiq. Cephalon will also produce the Table of Contents and the

Summary sections of NDA 20-747, Actiq. Cephalon believes that such production will be

sufficient to show the content of the NDA, and that production of the NDA's voluminous

supporting data in its entirety at this juncture would be unduly burdensome. Cephalon is willing

to meet and confer with Barr concerning any subsequent, specific requests that Barr may have

for the production of additional portions of NDA 20-747, Actiq.

### Request No. 68

All documents and things concerning any communication or contacts between Cephalon
or any agent acting on Cephalon's behalf and the FDA regarding the listing of the Patent-in-Suit,
or any other U.S. Patents, in the Orange Book as covering Cephalon's NDA.

### Response to Request No. 68

Cephalon objects to this request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome to the extent it seeks information concerning patents other than the Patent-

in-Suit. Cephalon further objects to this request to the extent it seeks information that is neither

relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead

to the discovery of admissible evidence. Cephalon further objects to this request to the extent it

seeks documents that are protected by the attorney-client privilege, the work-product doctrine,

and/or any other applicable privilege or discovery immunity.

Subject to, and without waiving its general and specific objections, Cephalon will

produce any non-privileged responsive documents in its possession custody or control

concerning the Patent-in-Suit.

### Request No. 69

All documents and things concerning Cephalon's claim that Barr's ANDA Products
infringe the Patent-in-Suit.

42

<u>Response to Request No. 69</u>

Cephalon objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general and specific objections, Cephalon will produce any non-privileged documents in its possession custody or control that can reasonably be identified as responsive to this request.

<u>Request No. 70</u>

All documents and things depicting or otherwise evidencing Cephalon's organizational structure as a company (e.g., organizational charts), from at least January 1, 1985 to the present.

<u>Response to Request No. 70</u>

Subject to and without waiving its general objections, Cephalon will produce non-privileged organizational charts in its possession custody or control from January 1, 2000 to the present.

<u>Request No. 71</u>

All documents and things depicting or otherwise evidencing the relationship between Cephalon and the Foundation, including but not limited to any agreements related thereto.

<u>Response to Request No. 71</u>

Cephalon objects to this request on the grounds that "all documents and things depicting or otherwise evidencing the relationship between Cephalon and the Foundation" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

43

Subject to, and without waiving its general and specific objections, Cephalon will produce any non-privileged responsive communications and agreements in its possession, custody, or control evidencing the relationship between Cephalon and the Foundation relating to the named Inventors, the Patent-in-Suit, or the invention(s) described therein.

### Request No. 72

All documents and things depicting or otherwise evidencing the relationship between Cephalon and Anesta, including but not limited to any agreements related thereto.

### Response to Request No. 72

Cephalon objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege or discovery immunity.

Subject to and without waiving its general or specific objections, Cephalon will produce agreements between Cephalon and Anesta pertaining to Actiq®, the closing binders for the Anesta acquisition, as well as non-privileged documents that relate to or concern the Anesta acquisition and which discuss the Patent-in-Suit or Actiq®.

### Request No. 73

All documents and things depicting or otherwise evidencing the relationship between Cephalon and the Inventors, including but not limited to any agreements related thereto.

### Response to Request No. 73

Cephalon objects to this request on the grounds that "all documents and things depicting or otherwise evidencing the relationship between Cephalon and the Inventors" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to

44

the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general and specific objections, Cephalon will produce any non-privileged responsive communications and agreements in its possession, custody, or control evidencing the relationship between Cephalon and the named Inventors relating to the Patent-in-Suit or the invention(s) described therein.

## Request No. 74

All documents and things concerning any communication or contacts between Cephalon, or any agent acting on Cephalon's behalf, and the Foundation, or any agent acting on the Foundation's behalf, regarding Cephalon's NDA.

## Response to Request No. 74

Cephalon objects to this request on the grounds that "all documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf, and the Foundation" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

45

**Request No. 75**

All documents and things concerning any communication or contacts between Cephalon, or any agent acting on Cephalon's behalf, and the Foundation, or any agent acting on the Foundation's behalf, regarding the Patent-in-Suit.

**Response to Request No. 75**

Cephalon objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce any non-privileged documents in its possession, custody, or control that can reasonably be identified as responsive to this request.

**Request No. 76**

All documents and things concerning any communication or contacts between Cephalon, or any agent acting on Cephalon's behalf, and Anesta, or any agent acting on Anesta's behalf, regarding the Patent-in-Suit.

**Response to Request No. 76**

Cephalon objects to this request on the grounds that "all documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf, and Anesta" is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

46

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

### Request No. 77

All documents and things concerning any communication or contacts between Cephalon,
or any agent acting on Cephalon's behalf, and the Foundation, or any agent acting on the
Foundation's behalf, regarding Barr.

### Response to Request No. 77

Cephalon objects to this request on the grounds that "all documents and things

concerning any communication or contacts between Cephalon or any agent acting on Cephalon's

behalf, and the Foundation" is vague, ambiguous, overly broad, unduly burdensome and seeks

information that is neither relevant to the claims or defenses of any party in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects

to this request to the extent that it seeks documents that are protected from disclosure by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

### Request No. 78

All documents and things concerning any communication or contacts between Cephalon,
or any agent acting on Cephalon's behalf, and Anesta, or any agent acting on Anesta's behalf,
regarding Barr.

### Response to Request No. 78

Cephalon objects to this request on the grounds that "all documents and things

concerning any communication or contacts between Cephalon or any agent acting on Cephalon's

47

behalf, and Anesta" is vague, ambiguous, overly broad, unduly burdensome and seeks

information that is neither relevant to the claims or defenses of any party in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects

to this request to the extent that it seeks documents that are protected from disclosure by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

### Request No. 79

All documents and things concerning any communication or contacts between Cephalon, or any agent acting on Cephalon's behalf, and the Inventors, or any agent acting on the Inventors' behalf, regarding Barr.

### Response to Request No. 79

Cephalon objects to this request on the grounds that "all documents and things

concerning any communication or contacts between Cephalon or any agent acting on Cephalon's

behalf, and the Inventors" is vague, ambiguous, overly broad, unduly burdensome and seeks

information that is neither relevant to the claims or defenses of any party in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Cephalon further objects

to this request to the extent that it  seeks documents that are protected from disclosure by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.

Subject to, and without waiving its general or specific objections, Cephalon will produce

any non-privileged documents in its possession, custody, or control that can reasonably be

identified as responsive to this request.

48

**Request No. 80**

     All documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf and the Foundation, or any agent acting on the Foundation's behalf, regarding Actiq®.

**Response to Request No. 80**

     Cephalon objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably likely to lead to the discovery of admissible evidence.  Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Cephalon further objects to this request because it calls for the production of voluminous information, and any information that may be responsive to this request will be produced in response to previous requests.

**Request No. 81**

      All documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf and Anesta, or any agent acting on Anesta's behalf, regarding Actiq®.

**Response to Request No. 81**

     Cephalon objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably likely to lead to the discovery of admissible evidence.  Cephalon further objects to this request because it calls for the production of voluminous information, and any information that may be responsive to this request will be encompassed by Cephalon's responses to previous requests.  Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

US1DOCS 5051785v2

**Request No. 82**

All documents and things concerning any communication or contacts between Cephalon or any agent acting on Cephalon's behalf and the Inventors, or any agent acting on the Inventors' behalf, regarding Actiq®.

**Response to Request No. 82**

Cephalon objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably likely to lead to the discovery of admissible evidence. Cephalon further objects to this request because it calls for the production of voluminous information, and any information that may be responsive to this request will be encompassed by Cephalon's responses to previous requests. Cephalon further objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

50

<u>Request No. 83</u>

All documents and things concerning any document retention policy or program of Cephalon.

<u>Response to Request No. 83</u>

Subject to and without waiving its general objections, Cephalon will produce its

document retention policies from January 1, 2000 to the present.


CEPHALON, INC.

By its attorneys,

Fredrick L. Cottrell III (#2555)
Chad M. Shandler (#3796)
Richards Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700


William F. Lee (Admitted *Pro Hac Vice*)
David B. Bassett  (Admitted *Pro Hac Vice*)
Peter J. Kolovos (Admitted *Pro Hac Vice*)
Daniel M. Esrick (Admitted *Pro Hac Vice*)
Kristy A. Watkins (Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000


Dated: April 27, 2005

51

## CERTIFICATE OF SERVICE

I, Daniel M. Esrick, hereby certify that on April 27, 2005, I caused a true and accurate copy of the foregoing document to be served, via Federal Express overnight delivery, on the following:

> Michael K. Nutter, Esq.
> Winston & Strawn
> 35 West Wacker Drive
> Chicago, IL  60601-9703

Daniel M. Esrick