Exhibit 5

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

WRITER'S DIRECT DIAL NUMBER
(312) 558-7058
mnutter@winston.com

May 10, 2005

**VIA FACSIMILE AND U.S. MAIL**

Peter J. Kolovos, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

Re:   *Cephalon Inc. et al. v. Barr Laboratories, Inc.*, Case No. 05-29-JJF

Dear Peter:

We received Plaintiffs' Responses to Barr's First Set of Rule 33 Interrogatories and Rule 34 Requests, and find them deficient in a number of respects. We write to you to request a Rule 37 conference in the hopes of resolving our concerns without having to burden the Court.

At the outset, we note that the only documents produced to date by your clients are the file history of the patent-in-suit, the license agreement between Cephalon and Barr, Cephalon's Risk Management Program, and a smattering of correspondence. Moreover, these documents were ostensibly produced as part of Plaintiffs' Rule 26(a)(1) disclosures. Since then, Barr served its Rule 34 Requests on March 24, 2005. However, despite your assurances that your clients would produce responsive documents on a "rolling basis," we have yet to receive any additional documents. As we have indicated on a number of occasions, any delay in this case severely prejudices Barr. Moreover, the Scheduling Order allows for the taking of depositions as early as May 2nd. The absence of responsive documents from your clients is further delaying the scheduling of depositions. Accordingly, please advise when Barr should expect to receive the requested documents.

With respect to Plaintiffs' Responses to Barr's first set of interrogatories, we believe the Responses are deficient for the following reasons.

Case 1:05-cv-00029-JJF    Document 31-7    Filed 05/17/2005    Page 3 of 4

**WINSTON & STRAWN** LLP

Peter J. Kolovos, Esq.
May 10, 2005
Page 2

    First, Plaintiffs have refused to provide claim construction and infringement charts in response to Interrogatory Nos. 1 and 2 on the grounds that the Interrogatories are premature. This objection is wholly improper. While the Scheduling Order does allow for the parties to propose a claim construction briefing schedule by June 1, 2005, this in no way makes Barr's Request for Cephalon's and the Foundation's proposed claim constructions premature, nor does the Scheduling Order somehow shield the Plaintiffs from answering Barr's Requests. Indeed, quite the opposite is true. The Scheduling Order specifically states that "at the present time the parties lack sufficient information to determine whether a *Markman* hearing will be necessary, or to present a proposed claim construction briefing schedule to the Court. Accordingly, on or before June 1, 2005, the parties will advise the court whether a *Markman* hearing will be necessary . . . ." How is Barr to know if there is a dispute regarding claim construction, and whether a *Markman* hearing will be necessary, if Plaintiffs refuse to provide the requested discovery regarding their proposed claim constructions? Similarly, these interrogatories are not premature, as discovery has not "only recently commenced," as Plaintiffs' Responses suggest. The discovery period in this case began nearly 2 months ago. Indeed, Barr provided you with copies of its ANDA and related documents on April 6, 2005. Cephalon and the Foundation have sufficient information upon which to rely and adequately respond. For these reasons, we ask that Plaintiffs immediately provide proper responses to Interrogatory Nos. 1 and 2.

    Second, with respect to Interrogatory Nos. 3-7, 9, and 10, Plaintiffs' responses are deficient to the extent that they rely upon Rule 33(d), and further indicate that non-privileged documents from which information responsive to the interrogatory may be derived <u>will be produced</u> *after* a Protective Order has been entered by the Court. Although Rule 33(d) allows a party to answer an interrogatory by <u>specifying</u> the records from which the answer may be ascertained or derived, the Rule clearly states that such a specification "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Plaintiffs' responses do not satisfy this criteria. Rather, Cephalon and the Foundation fail to identify any documents, let alone provide specific details, such as Bates designators, that would permit Barr to locate and identify the documents that contain responsive information. In fact, it is impossible for Barr to locate and identify these documents because, as described above, Plaintiffs have yet to produce such documents. Accordingly, Plaintiffs' responses to these interrogatories are non-responsive and improper. Please immediately produce the requested information and, to the extent that Plaintiffs wish to rely upon Rule 33(d), please amend the Responses to indicate by production number the documents from which responsive information may be obtained.

    Turning to Plaintiffs' Responses to Barr's Rule 34 Requests, specifically Request No. 65, Cephalon and the Foundation have improperly limited their responses to "communications or contacts with the FDA relating to the Patent-in-Suit or NDA 20-747, Actiq®." Request No. 65, however, is not so limited. Please advise whether Plaintiffs will also provide documents and things concerning any communications or contacts with the FDA concerning the application from which the Patent-in-Suit issued, any application from which the

**WINSTON & STRAWN** LLP

Peter J. Kolovos, Esq.
May 10, 2005
Page 3

Patent-in-Suit claims priority, the invention allegedly described in the Patent-in-Suit, Barr's ANDA, and/or Barr's ANDA Products.

Similarly, in response to Request Nos. 33-45, Plaintiffs have only agreed to produce any "published" manuscripts; however, the Requests ask for "all . . . publications and manuscripts submitted for publication" and, thus, are not limited to published works. Accordingly, please confirm that Cephalon and the Foundation will also provide manuscripts that have been submitted for publication, but have not been published, that are responsive to Request Nos. 33-45. Please further advise when Barr can expect to receive such documents.

In closing, Barr is entitled to the relevant discovery it seeks, and further delay on the part of Cephalon and the Foundation cannot and will not be tolerated. While we do not wish to seek assistance from the Court, if Plaintiffs do not immediately provide the requested discovery, we will be left with no viable alternative. Accordingly, please advise when you would be available for a meet and confer on or before **Friday, May 13th**.

Regards,

Michael K. Nutter

cc: George C. Lombardi
Bradley C. Graveline
Frederick L. Cottrell