Exhibit 6

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br>———<br>FACSIMILE (312) 558-5700<br>———<br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER
312-558-7058
mnutter@winston.com

May 13, 2005

**BY FACSIMILE AND U.S. MAIL**

Daniel M. Esrick, Esq.
WILMER CUTLER PICKERING HALE & DOOR, LLP
60 State Street
Boston, MA 02109

   **Re:**  **Cephalon, Inc., et al. v. Barr Laboratories (No. 05-29-JJF)**

Dear Dan:

   I am writing to follow-up on our Rule 37 conference held via telephone this morning. As I previously indicated, we are disappointed and frustrated that you are still unable to provide us with a date certain when we can expect to receive *any* documents responsive to Barr's Rule 34 requests, despite the fact Barr served Plaintiffs with those requests back on March 24, 2005. As you are aware, Plaintiffs failure to comply with its discovery obligations is severely prejudicial to Barr. Moreover, it is further hampering our efforts to proceed with oral discovery pursuant to the Scheduling Order. Accordingly, we believe we have no alternative other than to bring this matter to the Court's attention.

   We further discussed Plaintiffs' decision to rely upon Rule 33(d) as their responses to Interrogatories 3-7, 9 and 10, even though Plaintiffs have *yet* to produce the documents that purportedly include the requested information. During our conference, you agreed to supplement Plaintiffs' responses with Bates ranges *after* the documents are eventually produced. However, because you are unable at this time to provide us with a date certain when we can expect to receive those documents, we maintain our position that reliance upon Rule 33(d) at this time is improper. Since you declined our request that Plaintiffs' withdraw their reliance upon Rule 33(d) and instead respond fully to Barr's interrogatories, we will address this matter with the Court as well.

   Regarding Plaintiffs' refusal to provide responses to Barr's Interrogatories Nos. 1 and 2 because such requests are "premature," you indicated this morning that Plaintiffs will agree to provide us with responsive claim charts for those claims they intend to assert against Barr, as well as the bases for their infringement allegations. You further indicated the soonest you could provide us with this information is Friday, May 27th. In light of the Scheduling

WINSTON & STRAWN LLP

Daniel M. Esrick, Esq.
May 13, 2005
Page 2

Order's requirement that the parties advise the Court by June 1 whether there is a dispute regarding claim construction, we find this deadline unacceptable. In the spirit of cooperation, we proposed that Plaintiffs provide us with appropriate responses to Interrogatories 1 and 2 by Friday, May 20th. We even offered to provide you with Barr's proposed claim construction by May 27th, even though Barr has not been served with any discovery requests for such information. You rejected this proposal, but indicated you would check with your clients to determine if the requested information could be provided sooner than May 27th. We await your response.

   Finally, you agreed not to limit the scope of your search regarding Barr's Rule 34 Requests Nos. 33-45 and 65, as requested in my May 10th letter.

      Best regards,

      Michael K. Nutter

cc: Frederick L. Cottrell III, Esq.
  George C. Lombardi
  Bradley C. Graveline

WINSTON & STRAWN LLP

    Daniel M. Esrick, Esq.
    May 13, 2005
    Page 3

    bcc:    Brian N. Anderson
            Brian Wanamaker
            Aaron Purser
            Bob Millonig
            Heidi Kraus
            Ted Ebersole
            Josy Ingersoll