IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and<br>UNIVERSITY OF UTAH<br>RESEARCH FOUNDATION,<br><br>     Plaintiffs,<br><br>  v.<br><br><br>BARR LABORATORIES, INC.,<br><br>     Defendant | Civil Action No 05-29-JJF |

**PLAINTIFFS CEPHALON, INC. AND THE UNIVERSITY
OF UTAH RESEARCH FOUNDATION'S OPPOSITION TO
DEFENDANT BARR LABORATORIES, INC.'S MOTION TO COMPEL**

Fredrick L. Cottrell III (#2555)
Cottrell@rlf com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards Layton & Finger, P A
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiffs Cephalon, Inc and
University of Utah Research Foundation

Of Counsel:
William F. Lee
David B. Bassett
Peter Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: May 24, 2005

## I.    INTRODUCTION

Despite assurances that Plaintiffs Cephalon, Inc. ("Cephalon") and the University of Utah Research Foundation ("UURF") (collectively, "Plaintiffs") were actively working to identify documents responsive to its voluminous requests, process those documents, and prepare them for production, Defendant Barr Laboratories, Inc ("Barr") nonetheless filed a motion to compel discovery  As they have been doing since receiving Barr's requests, Cephalon and the UURF continue to collect and review documents, and intend to produce a significant quantity of documents responsive to Barr's requests by early June 2005  Plaintiffs also intend to provide Barr with the requested claim chart by May 27, 2005  Accordingly, Plaintiffs believe that these imminent productions will moot the issues presented in Barr's Motion to Compel.

## II.    FACTUAL BACKGROUND

On January 20, 2005, in response to Barr's three December 2004 notice letters indicating that it had submitted Abbreviated New Drug Application ("ANDA") No 77-312 to the Food and Drug Administration ("FDA"), Cephalon and the UURF filed this litigation against Barr alleging infringement of U S Patent No 4,863,737 (the "'737 patent)

On March 24, 2005, Barr served more than one hundred sixty (160) Rule 34 Document Requests – more than 80 each on Cephalon and the UURF  On the same day, Barr served Rule 33 Interrogatories on Cephalon and the UURF  Soon thereafter, Cephalon and the UURF diligently began to identify and collect documents responsive to Barr's requests

Contrary to Barr's assertion that neither Cephalon nor the UURF have produced a "single responsive document" (Motion at 1), on April 15, 2005, Plaintiffs produced to Barr documents bearing Bates Nos CE000001-000407  (*See* Ex A, Corresp from K Watkins to M Nutter) Plaintiffs also indicated that additional documents would be forthcoming on a rolling basis

1

Though Barr further erroneously contends that the Plaintiffs "have not objected to the substance of Barr's document requests" (Motion at 1), on April 27, 2005, Cephalon and the UURF served responses and objections to the scope and substance of many of Barr's Document Requests and Interrogatories. (*See* Exs 1-4 to Motion)

In addition, Barr wrongly claims that Plaintiffs "refused to provide responses" to Interrogatory No. 2 (Motion at 2). Not only did the Plaintiffs provide a substantive response to Barr's Interrogatory No. 2 (*See* Exs. 1-2 to Motion), but Plaintiffs have indicated to Barr that they intend to supplement their responses as discovery progresses

Despite their objections to many of Barr's document requests, Cephalon and the UURF continued to search for and collect documents responsive to Barr's extensive requests, a process complicated by the fact that Barr served requests on two separate entities: the UURF, with facilities in Utah, and Cephalon, with several facilities, including Pennsylvania and Utah Counsel for the Plaintiffs also contacted the named inventors of the '737 patent to determine whether they possessed responsive documents, and urged them to collect such documents as quickly as possible.

In addition, Cephalon determined that many documents responsive to Barr's requests had previously been produced by Cephalon to Barr in connection with a Federal Trade Commission ("FTC") Order requiring such production pursuant to a technology transfer license agreement between Cephalon and Barr Though the FTC Order and the license agreement prevent Barr from using those previously-produced documents for purposes of this litigation, Cephalon is reviewing detailed indices of those voluminous documents (the underlying documents constitute several hundred boxes) to identify responsive categories of documents in this case Combined with the ongoing collection efforts, these indices will enable the UURF and Cephalon to rapidly

produce large quantities of responsive documents to Barr  The Plaintiffs currently anticipate that they will be in a position to produce an extensive quantity of documents responsive to Barr's Rule 34 requests by early June 2005

On May 13, 2005, Plaintiffs' counsel participated in a Rule 37 conference via telephone with Barr's counsel  During that conference, Plaintiffs' counsel indicated that, in accordance with Fed R Civ P 33(d) and concurrent with its document production, it would supplement its responses to Barr's Interrogatory Nos 3-7, 9 and 10 by identifying responsive document Bates ranges corresponding to each Interrogatory  Plaintiffs still intend to do so

Regarding Barr's Interrogatory Nos 1 and 2, Plaintiffs' counsel further represented during that conference that, on or before May 27, 2005, Plaintiffs would identify which claims of the '737 patent they are asserting against Barr and provide claim charts for those claims, to permit the parties to represent to the Court on June 1, 2005 that they are in the process of determining whether a *Markman* hearing will be necessary  Plaintiffs similarly still intend to do so

## III.    ARGUMENT

### A.    Document Production

Cephalon and the UURF believe that their imminent document production will moot Barr's Motion to Compel production of responsive documents

### B.    Plaintiffs' Reliance Upon Rule 33(d)

As described above, Cephalon and the UURF believe that their imminent document production and planned supplemental interrogatory responses that will identify specific documents in accordance with Fed R Civ P 33(d) will moot Barr's Motion to Compel supplemental responses to Barr's Interrogatory Nos 3-7, 9, and 10

3

### C.     Claim Construction and Infringement Charts

As also described above, despite the Plaintiffs' view that Barr's requests for claim charts and infringement charts are premature, Cephalon and the UURF intend to provide claim charts for the claims of the '737 patent that they intend to assert against Barr by May 27, 2005. As set forth in Plaintiffs' responses to Barr's interrogatories, as discovery progresses, Plaintiffs will supplement their responses to provide further information regarding their infringement contentions, including infringement charts. Cephalon and the UURF believe that doing so will moot Barr's Motion to Compel supplemental responses to Barr's Interrogatory Nos. 1-2.

### IV.     CONCLUSION

For the foregoing reasons, Cephalon and the UURF believe that their imminent document production, identification of asserted claims, and provision of claim charts for the asserted claims will moot all issues presented in Barr's motion. Accordingly, Barr's Motion to Compel should be denied.

Fredrick L. Cottrell III (#2555)
Cottrell@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiffs Cephalon, Inc. and
University of Utah Research Foundation

Of Counsel.
William F. Lee
David B. Bassett
Peter Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: May 24, 2005

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2005, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted.

**VIA HAND DELIVERY**
Josy W. Ingersoll
Richard H. Morse
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801


I hereby certify that on May 24, 2005, I have mailed via Federal Express, the documents

to the following non-registered participants:


Georege C. Lombardi, Esquire
Bradley F. Graveline, Esquire
Michael K. Nutter, Esquire
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601

Robert C. Millonig, Esquire
Heidi L. Kraus, Esquire
Sterne, Kessler, Goldstein & Fox PLLC
1100 New York Avenue, N.W.
Washington, DC 20005



Chad M. Shandler (#3796)
(Shandler@rlf.com)