IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and<br>UNIVERSITY OF UTAH<br>RESEARCH FOUNDATION,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>BARR LABORATORIES, INC.,<br><br>　　　　　　　　Defendant | Civil Action No. 05-29-JJF |

**PLAINTIFF CEPHALON, INC'S. OBJECTIONS AND RESPONSES
TO DEFENDANT BARR LABORATORIES INC.'S
<u>NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>**

Plaintiff Cephalon, Inc. ("Cephalon") hereby objects and responds to defendant Barr Laboratories, Inc.'s ("Barr") Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice"), dated May 12, 2005.

<u>GENERAL OBJECTIONS APPLICABLE TO ALL TOPICS</u>

Each of the objections below is applicable to each of Barr's "Topics" and is incorporated into each and every one of Cephalon's objections as though fully set forth therein, and is in addition to any specific objections stated in response to a particular Topic. Cephalon's objections to this Notice of Deposition do not constitute acquiescence or agreement with respect to any definition imposed by Barr.

1.　　Cephalon objects to the time and place of the deposition set forth in the Notice. Given that Cephalon's corporate headquarters are located in the Philadelphia area, Cephalon will not consent to a deposition in New York City. Accordingly, Cephalon intends to make its designated witness(es) available at time(s) and location(s) convenient to the witness(es)

2. In response to the large number of Topics set forth in Barr's Notice, Cephalon has identified several witnesses to provide 30(b)(6) testimony. In accordance with Fed. R. Civ. P. 30(d)(2), Barr's single 30(b)(6) deposition notice calls for a single day of testimony of not more than seven (7) hours. Cephalon will not object, however, to Barr taking seven (7) hours of testimony in the aggregate from the witnesses over a period of one or more days.

3. Cephalon objects to Barr's Notice to the extent that certain Topics seek information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity (collectively, "privileged").

4. Cephalon objects to Barr's Notice to the extent that any Topic seeks information not relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. Cephalon objects to Barr's definition of "Cephalon" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than Cephalon, Inc. or its officers, directors, or employees. Accordingly, in responding to this Notice, Cephalon interprets "Cephalon" to mean only Cephalon, Inc. and its officers, directors, or employees.

6. Cephalon objects to Barr's definition of "Foundation" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than the University of Utah Research Foundation or its officers, directors, or employees. Accordingly, in responding to this Notice, Cephalon interprets "Foundation" to mean only the University of Utah Research Foundation and its officers, directors, or employees.

7. Cephalon objects to Barr's definition of "Barr" as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than Barr Laboratories Inc or its officers, directors, or employees Accordingly, in responding to this Notice, Cephalon interprets "Barr" to mean only Barr Laboratories Inc and its officers, directors, or employees.

8. Cephalon objects to each Topic to the extent it seeks discovery that is duplicative of other discovery taken in this case, or calls for discovery that would be more easily obtained through other less burdensome means.

9. Cephalon objects to examination on Topics that are known in the public domain and, therefore, are equally accessible to Barr.

10. Cephalon objects to each Topic to the extent it calls for a witness to testify as to a legal conclusion, or to the extent that it seeks information that may the subject of expert testimony.

11. The witnesses designated by Cephalon will testify as to matters known or reasonably available to Cephalon at the time of the deposition. However, fact investigation and trial preparation are continuing, and Cephalon reserves the right to revise, correct, add to, supplement, modify or clarify its responses pursuant to Federal Rule 26(e) in any manner it deems appropriate. Moreover, these responses are made without prejudice to Cephalon's right to present at trial additional evidence or witnesses as may be discovered or produced.

12. Cephalon notes that Barr's request to obtain the identity of Cephalon's designated witnesses five days in advance of the deposition is not required by Rule 30(b)(6). As a courtesy, Cephalon has identified those witnesses it intends to designate for the Topics, and expects that Barr will provide similar disclosure in response to any 30(b)(6) notice served by Cephalon.

Cephalon reserves the right to designate additional and/or different witnesses to testify concerning any of the Topics

13.     Cephalon objects to Barr's statement concerning "expected" document production, which is unaccompanied by any request for production under Rule 30(b)(5) or Rule 34. Cephalon refers to its responses to Barr's previously served Rule 34 requests as well as its recently served opposition to Barr's motion to compel.

## SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

Specifically incorporating each of its General Objections into each and every Objection and Response below, Cephalon objects and responds to each numbered Topic as follows.

### Topic No. 1

Cephalon's decision to develop and/or market the ACTIQ® transmucosal fentanyl citrate products.

### Response to Topic No. 1

Subject to, and without waiving its objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

### Topic No. 2

The preparation and/or prosecution by Cephalon or any other person or entity of the patent application(s) leading up to the issuance of the '737 patent.

### Response to Topic No. 2

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it calls for Cephalon to provide testimony related to patent preparation or prosecution conducted by "any other person or entity" other than Cephalon. Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product

doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity In addition, Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 3**

The arguments made by Cephalon or any other person or entity to the United States Patent and Trademark Office during the examination or prosecution of the '737 patent, including but not limited to, the Response (Paper No 8) submitted to the patent Examiner's communication mailed April 27, 1988 (Paper No 5)

**Response to Topic No. 3**

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it calls for Cephalon to provide testimony concerning "arguments" made by "any other person or entity." Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity In addition, Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms

Subject to, and without waiving its general or specific objections, in accordance with Fed R Civ P 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon

**Topic No. 4**

The arguments made by Cephalon or any other person or entity to the United States Patent and Trademark Office during the examination or prosecution of the '953 patent, which relates to the '737 patent.

**Response to Topic No. 4**

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it calls for Cephalon to provide testimony concerning "arguments" made by "any other person or entity." Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. In addition, Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 5**

The basis for Cephalon's belief that the '737 patent is a continuation-in-part to the '953 patent, including, but not limited to, a description of any new matter added to the specification of the '737 patent.

**Response to Topic No. 5**

Cephalon objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual

Property and Senior Patent Counsel, to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 6**

Each prior art search that Cephalon or any other person or entity conducted that concerned in any way either the prosecution of the '953 patent, the '953 patent, the prosecution of the '737 patent, 'the 737 patent, or any foreign counterpart to the '737 patent

**Response to Topic No. 6**

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it calls for Cephalon to provide testimony concerning prior art search(es) conducted by "any other person or entity that concerned in any way" patent prosecution. Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. In addition, Cephalon objects to this Topic on the grounds that it is duplicative of other Topics, including but not limited to Topic No. 2, and to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, and/or Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 7**

Each claim of the '737 patent that Cephalon alleges that Barr infringes or will infringe, including, but not limited to, Cephalon's construction of each of the claims of the '737 patent and the complete factual bases for Cephalon's asserted construction for each of these claims

**Response to Topic No. 7**

Cephalon objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. Cephalon further objects to this Topic to the extent that it seeks legal conclusions or calls for the discovery of information that may be the subject of expert testimony. In addition, Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, and/or Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 8**

The non-privileged, factual basis for Cephalon's contentions in its Complaint that Barr's Fentanyl Products have infringed or will infringe the '737 patent, including the identification of any documentary evidence upon which Cephalon intends to rely upon to support its infringement assertions.

**Response to Topic No. 8**

Cephalon objects to this Topic to the extent that it seeks legal conclusions or calls for the discovery of information that may be the subject of expert testimony. In addition, Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, and/or Dennis Coleman, Vice President of Research and

Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 9**

The research and development (including, but not limited to, the design, formulation, evaluation, in vivo, in vitro or clinical testing or modification) of the inventions claimed in the '737 patent, Cephalon's ACTIQ® products, and any other Cephalon oral transmucosal fentanyl citrate product.

**Response to Topic No. 9**

Cephalon objects to this Topic as vague, ambiguous, overbroad, and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony about the research or development of any product other than the invention(s) claimed in the '737 patent or Cephalon's Actiq® product.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information known or reasonably available to Cephalon concerning the research and development of the invention(s) claimed in the '737 patent, and Cephalon's Actiq® product.

**Topic No. 10**

Any and all communications between Cephalon and the inventors of the '737 patent, including, but not limited to, communications concerning the validity, invalidity, enforceability, scope and/or infringement of the claims of the '737 patent.

**Response to Topic No. 10**

Cephalon objects to this Topic as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

9

testimony about communications between Cephalon and the inventors of the '737 patent about topics other than the '737 patent and the invention(s) claimed therein, applications from which the '737 claims priority, and foreign counterparts thereto  Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity.  In addition, Cephalon objects to this Topic to the extent that it seeks legal conclusions or calls for the discovery of information that may be the subject of expert testimony  Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms

Subject to, and without waiving its general or specific objections, in accordance with Fed R Civ P 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc ,to testify about non-privileged information known or reasonably available to Cephalon concerning communications between Cephalon and the named inventors of the '737 patent regarding the '737 patent, the invention(s) claimed therein, applications from which the '737 claims priority, and foreign counterparts thereto

**Topic No. 11**

Any and all communications between Cephalon and the Foundation regarding the '737 patent, including but not limited to, communications concerning licensing the '737 patent

**Response to Topic No. 11**

Cephalon objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 12**

Any and all communications between Cephalon and the Foundation regarding the validity, invalidity, enforceability, scope and/or infringement of the claims of the '737 patent.

**Response to Topic No. 12**

Cephalon objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms, or to the extent that it is duplicative of other Topics, including but not limited to Topic No. 11. In addition, Cephalon objects to this Topic to the extent that it seeks legal conclusions or calls for the discovery of information that may be the subject of expert testimony.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 13**

The NDA filed for 0.2 mg, 0.4 mg, 0.6 mg, 1.2 mg, and 1.6 mg ACTIQ®, and any INDA filed for 0.2 mg, 0.4 mg, 0.6 mg, 0.8 mg, 1.2 mg, and 1.6 mg ACTIQ®

**Response to Topic No. 13**

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it does not appear reasonably calculated to lead to the discovery of admissible evidence

11

concerning plaintiffs' claim of infringement or Barr's counterclaims for declaratory judgment of noninfringement and invalidity. Cephalon objects to the breadth of this Topic, as it is not reasonable possible to prepare a witness to testify on every aspect of the extensive documentation associated with NDA and IND filings. Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate either Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., or Carol Marchione, Director of Regulatory Affairs, to testify generally about non-privileged information known or reasonably available to Cephalon regarding NDA 20-747, Actiq, and any IND regarding Actiq®.

**Topic No. 14**

The validity, enforceability, patentability, infringement and/or scope of the claims of the '737 patent, including any legal opinion prepared by Cephalon, on behalf of Cephalon, by the Foundation, or on behalf of the foundation, concerning any or all of those subjects.

**Response to Topic No. 14**

Cephalon objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity. Cephalon further objects to this Topic to the extent that it seeks legal conclusions or calls for the discovery of information that may be the subject of expert testimony.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Scott Larsen, Senior Director, Intellectual Property and Senior Patent Counsel, to testify about non-privileged information identified in this Topic that is known or reasonably available to Cephalon.

**Topic No. 15**

Cephalon's organizational structure, including, but not limited to, the identity of each officer, director, employee, consultant, agent or representative of Cephalon who has ever had responsibility for the research, development, manufacture, testing, clinical trials, evaluations, FDA submissions, licensing, marketing, advertising, or sales of ACTIQ®.

**Response to Topic No. 15**

Cephalon objects to this Topic as overly broad and unduly burdensome to the extent that it does not appear reasonably calculated to lead to the discovery of admissible evidence concerning plaintiffs' claim of infringement or Barr's counterclaims for declaratory judgment of noninfringement and invalidity. Cephalon objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information identified in this Topic concerning aspects of Cephalon's organizational structure relevant to the research, development, manufacture, testing, clinical trials, evaluations, FDA submissions, licensing, marketing, advertising, or sales of ACTIQ® that are known or reasonably available to Cephalon.

**Topic No. 16**

The decision to seek FDA approval for any Cephalon oral transmucosal fentanyl citrate product.

**Response to Topic No. 16**

Cephalon objects to this Topic as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony about the decision to seek FDA approval for any Cephalon product other than Actiq®

13

Cephalon further objects to this Topic to the extent that it is duplicative of discovery sought by Barr in other forms.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc., to testify about non-privileged information known or reasonably available to Cephalon concerning its decision to seek FDA approval for Actiq®.

**Topic No. 17**

Cephalon's involvement in any FDA proceeding regarding any Cephalon oral transmucosal fentanyl citrate product.

**Response to Topic No. 17**

Cephalon objects to this Topic as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony about Cephalon's involvement in any FDA approval process, other than FDA approval of Actiq®. Cephalon further objects to this topic because "Cephalon's involvement in any FDA proceeding" is vague and ambiguous. Cephalon further objects to this Topic to the extent it is duplicative of other Topics, including but not limited to, Topic No. 16.

Subject to, and without waiving its general or specific objections, in accordance with Fed. R. Civ. P. 30(b)(6), Cephalon intends to designate Carol Marchione, Director of Regulatory Affairs, to testify about non-privileged information known or reasonably available to Cephalon concerning the FDA approval process for Actiq®.

**Topic No. 18**

Any comparisons of any oral transmucosal fentanyl citrate product with any other oral transmucosal fentanyl citrate product, including, but not limited to, ACTIQ®.

14

**Response to Topic No. 18**

Cephalon objects to this Topic as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony about comparisons of any products other than Actiq® and Barr's formulation identified in its ANDA that is the subject of this litigation. Cephalon further objects to this Topic to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity.

Subject to, and without waiving its general or specific objections, in accordance with Fed R Civ P 30(b)(6), Cephalon intends to designate Dennis Coleman, Vice President of Research and Development, Cephalon, Inc to testify about non-privileged information known or reasonably available to Cephalon concerning comparisons of Actiq® to Barr's formulation identified in its ANDA that is the subject of this litigation.

/s/ _____
Fredrick L Cottrell III (#2555)
Cottrell @rlf com
Chad M Shandler (#3796)
Shandler @rlf com
Richards Layton & Finger, P A
P O Box 551
One Rodney Square
Wilmington, DE 19899-0551
(302) 651-7700
Attorneys for Plaintiffs CEPHALON, INC,
and UNIVERSITY OF UTAH RESEARCH
FOUNDATION

OF COUNSEL:
William F Lee
David B Bassett
Peter Kolovos
Gregory P Teran
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: May 31, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**VIA HAND DELIVERY**
Josy W. Ingersoll
Richard H. Morse
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

I hereby certify that on May 31, 2005, I have mailed via Federal Express, the documents to the following non-registered participants.

Georege C. Lombardi, Esquire
Bradley F. Graveline, Esquire
Michael K. Nutter, Esquire
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601

Robert C. Millonig, Esquire
Heidi L. Kraus, Esquire
Sterne, Kessler, Goldstein & Fox PLLC
1100 New York Avenue, N.W.
Washington, DC 20005

Chad M. Shandler (#3796)
(Shandler@rlf.com)