# EXHIBIT 5



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/060,045 | 06/08/87 | STANLEY T | 10304.2 |

ALLEN R. JENSEN
WORKMAN, NYDEGGER & JENSEN
AMERICAN PLAZA II, THIRD FLOOR
57 WEST 200 SOUTH
SALT LAKE CITY, UT 84101

| EXAMINER |
|---|
| PAGE, T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 158 | 5 |

DATE MAILED: 04/27/88

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined   ☒ Responsive to communication filed on **JAN. 11, 1988**   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims **1 - 43** are pending in the application.
   Of the above, claims **16, 17 and 27-29** are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims **1-15, 18-26 and 30-43** are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

BARR000185

PTOL-326 (Rev. 7-82)                                 EXAMINER'S ACTION

Serial No. 060,045                                    -2-

Art Unit 158

    Applicant's election of the species methohexital in Paper No. 4 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse. See MPEP 818.03(a).

    Claims 16, 17 and 27-29 are withdrawn from further consideration by the examiner, 37 CFR 1.142(b) as being drawn to a nonelected species. Election was made <u>without</u> traverse in Paper No. 4, filed January 11, 1988.

    Claims 1-5, 18-26 and 30-43 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    These claims are incomplete based on a reading of applicants specification. These claims are furthermore considered to be confusing. Applicants specification teaches a process for the formation of a compressed powdered lollipop having as the required ingredients, a drug, a carbohydrate material, a buffer, a holder or appliance, maltodextrin and a lubricating agent. The buffering agent is disclosed as being either a buffer system of citric acid/sodium citrate or a phosphate. Calcium stearate and sodium stearate are the disclosed lubricating agents. A particular dosage range is taught as being required, said range being established based upon the particular drug being administered. In the case of the elected drug methohexital a dosage range of 10 to 500 milligrams is suitable.

BARR000186

Serial No. 060,045                                               -3-

Art Unit 158

   Applicants instantly presented claims have not been directed along the lines of the presented specification and are therefore incomplete. Applicants have not presented any claim which recites the required limitations as, for example, stated at page 23 including flavorings, sweeteners, flavor enhancers, releasing agents, buffers and the therapeutic drug. Applicants present no claim directed to the formation or any product having a compressed powder surround an appliance or holder in order to allow for absorption through the oral muscosal tissues.

   It is not clear as to what is being claimed in the product claims 37-43. These are not composition claims. Note the presence of holder means secured to the integral mass so as to form a drug-containing lollipop. If a composition per se is being claimed then the "holder means...." should be eliminated. If an article is being claimed then the composition should be recited as being compressed. Note that applicant recites a soluble, <u>compressible</u>, material being compressed in an integral mass. If the composition is compressed around a holder means then an article per se should be claimed. Claim 39 recites a <u>compressible</u> carbohydrate material.

   Claim 35 is indefinite in view of the use of the tradename comptritol 888. Tradenames are not definite enough to be made a part of a claim since they are routinely altered and/or discontinued.

BARR000187

Serial No. 060,045   -4-

Art Unit 158

    The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

    Claims 1-3, 5-11, 13-15, 18-20 23, 24, 30-34, 36, 37, 39, 40 and 43 are rejected under 35 U.S.C. 103 as being unpatentable over the admitted state of the art including Colemen 2,708,120, Cahoon 2,246,778, Cherkas 3,341,414, Smith 3,558,811, 4,372,942 or 4,551,329 to Harris.

    Each of the cited references teach that the prior art is already aware of the incorporation of a drug within a "candy" matrix for ease of administration. No particular drug, buffer, flavoring ingredient per se has been claimed. It would be prima facie obvious to produce the claims recited in view of the state of the art as shown by applicant in the prior art disclosure filed September 10, 1987.

BARR000188

Serial No. 060,045 -5-
Art Unit 158

    Hartman is cited and relied upon as a basic teaching of the incorporation of a pharmaceutically active ingredient into a powder compression followed by compression to form an article suitable for the controlled administration of said active ingredient including drugs. Hartman at col. 2, lines 29-64 suggest the use of barbiturates (line 58) as a therapeutic agent; in various forms (col. 4, lines 13-23) having present stabilizing agents, surface active agents, coloring and flavoring materials (paragraph bridging cols. 3 and 4); the presence of additional ingredients including lubricants, starches, binders etc (col. 3, lines 7-20); and the use of buffers to control the pH (col. 4, lines 8-10). Various pharmaceutical dosage forms are disclosed at col. 6, lines 16-43. Example 16 of Hartman discloses a compressed tablet.

    In the opinion of the examiner absent the presentation of claimed directed to the particular ingredients as provided in applicants specification the claims present would be obvious to one of ordinary skill in this art. It is noted that the term "holder" fails to patentably define over this prior art in view of the presence of the solid base.

    References A, B, D and E-H are cited by the examiner as being of interest.

    Any inquiry concerning this communication should be directed to T.K. Page at telephone number 703-557-6525.

T.K. Page:jaw
4/15/88

BARR000189

BARR000190

TO SEPARATE HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE NOTICE OF REFERENCES CITED | SERIAL NO. 060,045 | GROUP ART UNIT 158 | ATTACHMENT TO PAPER NUMBER 5 |
|---|---|---|---|
| | APPLICANT(S) STANLEY ET AL | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 2926121 | 02-1960 | HOBBS ET AL | 424 | 440 | |
| | B | 3169907 | 02-1965 | HEUSSER ET AL | 424 | 440-X | |
| | C | 3493652 | 02-1970 | HARTMAN | 424 | 435-X | |
| | D | 4169885 | 10-1979 | RAAF ET AL | 424 | 440 | |
| | E | 4517173 | 05-1985 | KIZAWA ET AL | 424 | 435 | |
| | F | 3210247 | 10-1965 | SURANYI | 514 | 270 | |
| | G | 3344030 | 09-1967 | STEVENS ET AL | 514 | 270-X | |
| | H | 4168308 | 09-1979 | WRETLIND ET AL | 514 | 270-X | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Thurman Ki Page | DATE 04-08-88 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

BARR000191