# EXHIBIT 6

17-202- 125
48- 203
                                            PATENT
                              Docket: 10304.2*

              IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                    )

                 THEODORE H. STANLEY et al.    )

Serial No.:      07/060,045              )
                                         )  Art Unit
                                         )  125
Filed:           June 8, 1987           )
                                         )
For:             COMPOSITION AND METHODS OF    )
                 MANUFACTURE OF COMPRESSED     )
                 POWDER MEDICAMENTS            )
                                         )
Examiner:        Thomas K. Page         )

                          AMENDMENT

Honorable Commissioner of Patents
  and Trademarks
Washington, D.C.  20231

Sir:

        In response to the communication from the Examiner mailed
April 27, 1988 (Paper No. 5), please amend the above-
identified application as follows:


IN THE CLAIMS:

        Please cancel claims 6 and 35 without prejudice and
please amend claims 1-5, 7-18, and 37-43 as follows:




120  11/03/88  060045                    1 202    17.00 CK
120  11/03/88  060045                    1 206    48.00 CK

BARR000209

1. (amended) A method for producing a drug-containing [matrix] lollipop for use in transmucosal delivery of the drug to a patient, the method comprising the steps of:

(a) obtaining a [quantity] pharmacologically effective dose of the drug in a substantially powdered form, the drug being capable of absorption through mucosal tissues of the mouth, pharynx, and esophagus;

(b) obtaining a soluble carbohydrate material capable of forming a compressible confectionary matrix and capable of dissolving in the mouth of the patient;

(c) mixing the drug and the carbohydrate material at a temperature below the melting points of the drug and the carbohydrate material to form a drug-containing matrix such that the drug is dispersed substantially throughout the matrix, the drug-containing matrix being capable of releasing the drug for absorption through the mucosal tissues upon dissolution of the matrix in the mouth of the patient; [and]

(d) compressing the drug-containing matrix in a mold to form an integral mass such that, when the integral mass dissolves in the mouth of the patient, the drug is released for absorption through the mucosal tissues[.]; and

(e) incorporating a holder as part of the integral mass in order to form the drug-containing lollipop.

BARR000210

-2-

Please amend line 1 of each of claims 2-5 and 7-17 by deleting the word "matrix" and substituting therefor --lollipop--.  Please also amend claims 7 and 8 to depend from claim 1.

18.  (amended)  A method for producing a drug-containing lollipop for use in transmucosal delivery of the drug to a patient in a dose-to-effect manner, the method comprising the steps of:

(a) obtaining a [quantity] <u>pharmacologically effective dose</u> of the drug in a <u>substantially powdered</u> lipophilic form capable of absorption through mucosal tissues of the mouth, pharnyx, and esophagus;

(b) obtaining a soluble carbohydrate material capable of forming a compressible confectionary matrix and capable of dissolving in the mouth of the patient;

(c) obtaining a buffer capable of modifying the pKa of the drug such that a majority of the drug remains non-ionized in order to facilitate transmucosal absorption of the drug;

(d) mixing the drug, the soluble carbohydrate material, and the buffer <u>at a temperature below the melting points of the drug and the carbohydrate material</u> to form a <u>solid</u> drug-containing matrix such that the drug is dispersed substantially throughout the matrix, the drug-containing matrix being capable of releasing the



-3-

**BARR000211**

drug for absorption through the mucosal tissues upon dissolution of the matrix in the mouth of the patient;

(e) compressing the drug-containing matrix in a mold to form an integral mass such that when the integral mass dissolves in the mouth of the patient, the drug is released for absorption through the mucosal tissues such that the drug is administered in a dose-to-effect manner; and

(f) incorporating a holder as part of the integral mass in order to form the drug-containing lollipop.

BARR000212

-4-

37.    (amended)  A drug-containing [composition] <u>lollipop</u> for use in transmucosal delivery of the drug to a patient, said composition comprising:

[an effective dose of the drug the drug being capable of absorbing through mucosal tissues of the mouth, pharnyx, and esophagus;

a soluble, compressible, carbohydrate material being compressed in an integral mass which is capable of dissolving in the mouth of the patient, the drug being dispersed substantially uniformly throughout the integral mass so that the drug is released for absorption through mucosal tissues of the mouth, pharnyx, and esophagus upon dissolution of the integral mass in the mouth of the patient;]

<u>a soluble, compressible, substantially powdered carbohydrate material;</u>

<u>a pharmacologically effective dose of a lipophilic drug in a substantially powdered form, the drug being capable of absorption through mucosal tissues of the mouth, pharnyx, and esophagus and being dispersed substantially uniformly throughout the carbohydrate material at a temperature below the melting points of the drug and the carbohydrate material and compressed with the carbohydrate material into a solid integral mass which is capable of dissolving in the mouth of the patient so that the drug is released for absorption through mucosal tissues of the mouth, pharnyx, and</u>

-5-

BARR000213

esophagus upon dissolution of the integral mass in the
mouth of the patient;

a buffer which is also dispersed substantially
uniformly throughout the integral mass, the buffer being
capable of modifying the pKa of the drug such that a
majority of the drug remains non-ionized in order to
facilitate transmucosal absorption of the drug; and

holder means secured to the integral mass so as to
form a drug-containing lollipop, the holder means being
configured so as to permit convenient insertion and
removal of the drug-containing integral mass into and out
of the mouth of a patient.

BARR000214

Please amend line 1 of each of claims 38-41 by deleting the word "composition" and substituting therefor --lollipop--. Please also amend claim 39 at page 76, line 8 by deleting the word "matrix" and substituting therefor --integral mass--.

42.    (amended) A drug-containing [composition] <u>lollipop</u> for use in transmucosal delivery of the drug to a patient as defined in claim 41, wherein the drug-containing [matrix] integral mass further <u>comprises</u> at least one flavor enhancer dispersed substantially uniformly throughout the integral mass.

43.    (amended) A drug-containing [composition] <u>lollipop</u> for use in transmucosal delivery of the drug to a patient as defined in claim 37, wherein the drug-containing integral mass further [includes] <u>comprises</u> a substantially water-insoluble component dispersed substantially uniformly throughout the integral mass in order to [make slower] <u>slow</u> the dissolution of the integral mass in the mouth of the patient.

Please add new claims 44-53 as follows:

44.    A method for producing a drug-containing lollipop for use in transmucosal delivery of the drug to a patient as defined in claim 18 further comprising the step of mixing at least one flavoring with the drug-containing matrix.

BARR000215

-7-

45.    A method for producing a drug-containing lollipop
for use in transmucosal delivery of the drug to a patient as
defined in claim 18 further comprising the step of mixing at
least one flavor enhancer with the drug-containing matrix.

46.    A method for producing a drug-containing lollipop
for use in transmucosal delivery of the drug to a patient as
defined in claim 15 wherein the drug-containing matrix
comprises from about 10 milligrams to about 500 milligrams of
methohexital.

47.    A method for producing a drug-containing lollipop
for use in transmucosal delivery of the drug to a patient as
defined in claim 26 wherein the drug-containing matrix
comprises from about 10 milligrams to about 500 milligrams of
methohexital.

48.    A drug-containing lollipop for use in transmucosal
delivery of the drug to a patient as defined in claim 37
further comprising at least one flavoring.

BARR000216

49.    A drug-containing lollipop for use in transmucosal delivery of the drug to a patient comprising:

a soluble, compressible carbohydrate material;

a pharmacologically effective dose of a drug in a substantially powdered form, the drug being capable of absorption through mucosal tissues of the mouth, pharnyx, and esophagus and being dispersed substantially uniformly throughout the carbohydrate material at a temperature below the melting points of the drug and the carbohydrate material and compressed with the carbohydrate material into a solid integral mass which is capable of dissolving in the mouth of the patient so that the drug is released for absorption through mucosal tissues of the mouth, pharnyx, and esophagus upon dissolution of the integral mass in the mouth of the patient;

holder means secured to the integral mass so as to form a drug-containing lollipop, the holder means being configured so as to permit convenient insertion and removal of the drug-containing integral mass into and out of the mouth of a patient.

50.    A drug-containing lollipop as defined in claim 49 further comprising at least one flavoring dispersed within said integral mass.

BARR000217

-9-



51.    A drug-containing lollipop as defined in claim 46
further comprising at least one flavor enhancer dispersed
within said integral mass.

52.    A drug-containing lollipop as defined in claim 46
further comprising at least one sweetener in addition to said
carbohydrate material dispersed within said integral mass.

53.    A drug-containing lollipop as defined in claim 46
further comprising at least one releasing agent dispersed
within said integral mass.

<u>REMARKS</u>

The Examiner has withdrawn from consideration claims 16-
17 and 27-29 as being drawn to a nonelected species.
Applicants have not yet cancelled those claims since it has
not yet been determined whether a generic claim will be found
to be allowable. MPEP § 809.02(c). Applicants have cancelled
without prejudice claims 6 and 35. Applicants have also
amended claims 1-5, 7-18, and 37-43, and added new claims 44-
53 in order to reduce the issues for consideration by the
Examiner at this time. Applicants believe that the newly
added claims all read on the elected species. However,
Applicants reserve the right to seek protection on the subject
matter of these claims (prior to amendment by this paper) in a
subsequently filed application. Accordingly, claims 1-5, 7-

BARR000218

34, and 36-53 are presented for consideration by the Examiner.

The present invention relates to articles and methods of manufacture for producing a soluble drug-containing lollipop in which the drug can be absorbed through the mucosal tissues of the mouth, pharnyx, and esophagus. The drug-containing lollipops of the present invention (which are produced according to the claimed method of manufacture) provide for transmucosal administration of drugs in a dose-to-effect manner such that a pharmacologically effective dose of the drug is administered to produce precisely a desired effect in the patient.

Employing the drug-containing lollipops of the present invention, the drug may be introduced into the patient's bloodstream almost as fast as through injection, and much faster than using the oral administration route, while avoiding the negative aspects of the both of these methods. The present invention achieves these advantages by incorporating the drug into a compressed powder lollipop which provides for effective transmucosal dose-to-effect delivery of the drug. Advantageously, the pKa and pH of the powder matrix forming the lollipop can be adjusted to modify the rate of absorption of the drug through the mucosal tissues. The species elected for examination is directed to such lollipops which contains the drug methohexital.

Since the lollipops of the present invention are made by mixing solid powders of the drugs and the carbohydrate

-11-

BARR000219

material, several disadvantages encountered in the prior art
are overcome. For example, relatively insoluble components
can be combined without the difficulty of attempting to
dissolve and mix those components, thereby resulting in a
composition in which the drug is delivered to the mucosal
tissues for absorption therethrough. Similarly, it is not
necessary to heat the composition; hence, heat decomposition
of the drug is avoided.

In the Office Action, claims 1-5, 18-26, and 30-43 were
rejected under 35 U.S.C. § 112, second paragraph. The Office
Action takes the position that "[t]hese claims are incomplete
based upon a reading of applicants['] specification" and are
also confusing since they do not include all of the various
possible components disclosed in the specification.
Applicants suggest that the Office Action has misapplied the
"definiteness" requirement of the second paragraph of section
112 by requiring applicants to narrow the <u>scope and breath</u> of
their claims. Applicants claims (as amended) are not
"indefinite" under section 112, second paragraph, merely
because they are broad, provided that one of ordinary skill in
the art would understand the metes and bounds of these claims.

Of course, Applicants acknowledge that "broad claims" may
not meet the requirements of sections 102 and/or 103, but such
issues differ from an analysis under the definiteness
requirement of section 112. The inclusion in the broad
independent claims of all of the components within the scope
of the present invention or those components identified in

-12-

BARR000220

specific embodiments set forth in the examples in the application is not required in order to be in full compliance with section 112. The so-called requirement of "completeness," as set forth in the Office Action, has no basis in section 112; whether or not additional limitations need be added to the broad claims is determined by an evaluation of the scope of those claims in light of the prior art.

Nevertheless, the Examiner's comments in the Office Action do point out certain language in the claims which could be made clearer. Hence, the claims have been amended to require a "pharmacologically effective dose" of the drug be included in the lollipop. Since all of the drug contained in the lollipop may not necessarily be consumed by the patient (when administered in a dose-to-effect manner), the precise concentration of the drug in the lollipop can have a greater range than that which would be administered in a "bolus" manner through injection or by tablet. That a specific dosage range is used as an example or preferred range dose not necessarily require (under section 112) that that range is a "critical" limitation. Applicants submit that the amended claim languages overcomes any objection under section 112 regarding the inclusion of a particular dosage range in the broad claims.

Applicants do not agree with the assertion set forth in the first paragraph on page 3 in the Office Action that applicants have not presented any claim that recite the

BARR000221

-13-

"required" limitations. Not only do applicants submit that these limitations are not required (as discussed above), but that dependent claims including such limitations were also previously, and are certainly now, presented for consideration. Similarly, if there was any question as to whether independent or dependent claims were presented directed to methods and articles of manufacture having a drug-containing compressed powder surrounding an appliance or holder in order to allow for absorption through the oral mucosal tissues, such claims are now presented for consideration.

With respect to the section 112 rejection of claims 37-43, these claims have been amended to be specifically directed to the article of manufacture -- the lollipop. Hence, the holder means has now been included in each of those claims and newly added claims 49-53. In addition, claim 35 has been cancelled, thereby eliminating any concern regarding the use of a trade name in that claim. Accordingly, Applicants submit that each of the rejections pursuant to 35 U.S.C. § 112 have been overcome in the claims as amended.

In the Office Action, claims 1-3, 5-11, 13-15, 18-20, 23-24, 30-34, 36-37, 39-40, and 43 were also rejected under 35 U.S.C. § 103 as being unpatentable over the state of the art including Coleman (U.S. Patent No. 2,708,120), Cahoon (U.S. Patent No. 2,246,778), Cherkas (U.S. Patent No. 3,341,414), Smith (U.S. Patent No. 3,556,811), Cimiluca (U.S. Patent No. 4,372,942), or Harris (U.S. Patent No. 4,551,329).

BARR000222

With respect to the rejection pursuant to 35 U.S.C. § 103, it is clear that none of the references cited (or even the combination of those references) would have rendered obvious the present invention. Key features of the present invention as set forth in the claims are not discussed, referred to, or disclosed in any of the references relied upon in the Office Action.

With respect to the Coleman reference, an aspirin-containing lollipop is disclosed. However, Coleman discloses conventional fabrication techniques including the incorporation of the aspirin into a molten candy mass. In particular, Coleman discloses heating the candy mass to a temperature between approximately 180°F and 320°F. At that point, the drug is incorporated into the candy mass.

It will be appreciated to those skilled in the art that the Coleman reference actually teaches away from the concept of the present invention. The present invention provides solid fabrication techniques which do not require a molten mass. As mentioned above, fabrication techniques which do not require a molten mass overcome several problems in the art related to solubility of the various components in a liquid and heat degradation of the drug and other components. Both the method and article of manufacture claims include a limitation that the drug and the carbohydrate material are in powdered form when mixed to form the drug-containing lollipop and/or they are mixed at a temperature below the melting points of the drug and the carbohydrate materials.

**BARR000223**

-15-

The Cahoon reference simply discloses a safety handle for use on various confections. The handle has a frangible safety portion adapted to give way and separate the handle from the confection itself upon the application of any lateral force on the handle. While the claims do require a "holder means" or handle, Applicants' handle does not incorporate the features of that in the Cahoon reference. Even more importantly, the Cahoon reference simply provides no suggestion or teaching to one skilled in the art to incorporate any handle into a lollipop which contains a drug in the manner specifically set forth in the claims.

In the Cherkas reference, a medicated candy is disclosed. Again, this reference discloses conventional candy formation techniques, including the formation of a molten candy mass. The thrust of this reference is the addition of solubilizing agents in order to solubilize the medication. As will be appreciated from the discussion above, the present invention does not require such an agent in that the mixture takes place without the necessity of forming a molten liquid mass.

The Smith reference teaches the formation of a hard candy which does not ferment. The Smith reference at column 4, lines 53-63, states:

> The crux of the invention lies in the discovery of a combination of ingredients--lactose, modified starch hydrolysate, and sugar alcohols--wherein each ingredient cooperates with the others to effect a hard candy base mixture which can be processed in conventional hard candy manufacturing equipment with processing conditions substantially similar to those employed for sucrose-corn syrup and which may be

BARR000224

-16-

incorporated with other enhancing ingredients to provide superior hard candies having low fermentabiity features.

The Smith reference thus discloses the heating of the candy mass to form a molten mass and the use of conventional candy preparation techniques.

The Cimiluca reference discloses a candy base having a liquid center. This reference emphasizes a fluidizing agent for use in the formation of a candy. In particular, mannitol or sorbitol is added and acts a "sugar doctor" in that it inhibits crystallization of the candy during storage. Unlike the present invention, this reference teaches heating the candy mass and does not suggest or teach the use of powder formation techniques or the incorporation of a drug into the carbohydrate material below the melting points of the drug and the carbohydrate material.

The last reference relied upon in the Office Action is the Harris reference which is directed to a handle for use on an oral medicament lollipop which prevents "aspiration of large pieces or of the entire body of the medicament." While the presently claimed embodiments of the present invention incorporates a handle, the Harris reference adds nothing to the other references with respect to the powder formation techniques or the incorporation of a drug into the carbohydrate material of the lollipop.

It can be seen that the references relate to the claimed invention in two general areas. One is the formation of candies (some medicated) using conventional candy formation

BARR000225

-17-

techniques. These references emphasize melting the candy mass during formation and heating that candy mass. See the Coleman, Cherkas, Smith, and Cimiluca references. Both of these heating steps are directly contrary to the teachings of the present invention as claimed. The remaining references simply relate to the addition of a handle to a candy mass. See the Cahoon and Harris reference. The combination of a handle with candies formed in the conventional manner certainly does not teach, suggest, or render obvious the claimed invention.

None of the cited references teach or suggest the formation of a drug-containing carbohydrate material in the form of a lollipop by use of powder mixing and formation techniques. None of the cited references teach or suggest the incorporation of a drug into a carbohydrate material in the form of a lollipop at a temperature below the melting points of the drug and the carbohydrate material. These techniques of the present invention avoid degradation of the drug contained in the candy matrix and also overcome problems with solubility. While solubility problems have been recognized by references such as Cherkas, Cherkas teaches the addition of a solubilizing agent to the molten mass and not the use of the fabrication techniques of the present invention.

The Office Action also cites and relies upon the Hartman reference (U.S. Patent No. 3,493,652). Hartman is not, however, included within the rejection as set forth by the Examiner. In any event, Hartman relates to the formation of a medicament which has controlled release properties by the use

-18-

BARR000226

of enzymes.  Hartman states that "enzymes in combination with substrates can control, can increase or decrease, the release and absorption of a medicament from solid, semi-solid, or liquid dosage forms intended for either internal or external administration."  <u>See</u> the Hartman reference at column 2, lines 1-5.

The Office Action also mentions Example 16 of the Hartman reference stating that this example discusses the formation of a compressed tablet.  However, there is absolutely no disclosure concerning how the tablet is formulated or compressed.  The sum total of the disclosure is contained in the following statement:  "The two formulas are mixed and compressed into tablets according to conventional procedure." <u>See</u> the Hartman reference at column 9, lines 8-9.  Hartman simply lacks sufficient disclosure to make a prima facie obviousness rejection of the claims as currently presented.

Accordingly, it is apparent that no reference (or even combination of references) cited by the Examiner teaches or suggests the features of the present invention.  If anything, the references cited by the Examiner would actually teach one skilled in the art away from the compositions and methods of the present invention.

Finally, independent method claim 18 and independent article of manufacture claim 37 add limitations such as requiring that the drug being lipophilic, that a buffer capable of modifying the pKa of the drug be included in the lollipop such that the majority of the drug remains non-ionized, and

**BARR000227**

-19-

that release of the drug for the absorption through the mucosal tissues be in a dose-to-effect administration manner. Such limitations are also neither suggested nor rendered obvious from any of the prior art references relied upon in the Office Action.

Applicants submit that the claims as amended are in condition for immediate allowance. In the event there remains any impediment to allowance of the claims which could be clarified in a telephonic interview, the Examiner is respectfully requested to initiate such an interview with the undersigned.

DATED this 27th day of October, 1988.

Respectfully submitted,

ALLEN R. JENSEN
Attorney for Applicant
Registration No. 28224

WORKMAN, NYDEGGER & JENSEN
American Plaza II, Third Floor
57 West 200 South
Salt Lake City, Utah 84101
Telephone:  (801) 533-9800

ARJ:jnh0909a
Docket:  10304.2*

BARR000228

CERTIFICATE OF DEPOSIT UNDER 37 C.F.R. § 1.8

    I hereby certify that this correspondence is being
deposited with the United States Postal Service as first class
mail, postage prepaid, in an envelope addressed to:  Commis-
sioner of Patents and Trademarks, Washington, D. C.  20231, on
October 27, 1988.

                              ALLEN R. JENSEN
                              Attorney for Applicant
                              Registration No. 28224


Transmitted:   Amendment, Transmittal Letter (3 copies), Check
               No. 8250 for $65.00.




ARJ:jnh0909a
Docket:  10304.2*




BARR000229