# EXHIBIT 8

# PATENT PRACTICE

Daniel R. Cherry     Eugene F. Friedman

David G. Conlin     Irving Kayton

Richard L. Schwaab

Edited by

Irving Kayton
and
Karyl S. Kayton

# 2

## SIXTH EDITION

Release No. 3 (November 1998)

**PATENT RESOURCES INSTITUTE, INC.**

Charlottesville, Virginia

Patent Resources Institute, Inc.     Sixth Edition, December 1995
Release No. 3 (November 1998)

© 1976, 1977, 1979, 1983, 1985, 1989, 1992, 1993, 1994, 1995, Patent Resources Institute, Inc.

© 1997 for Release No. 1, Patent Resources Institute, Inc.

© 1998 for Release No. 2 and Release No. 3, Patent Resources Institute, Inc.

All Rights Reserved

Printed in the United States of America

Patent Resources Institute, Inc.

Sixth Edition, December 1995
Release No. 3 (November 1998)

10.16    DETAILS OF HOW TO DRAFT CLAIMS

It was at one time standard practice to write each claim in continuous run-on form. Modern practice, preferred by the PTO, sets out each element separately, with the beginning of the clause being indented and beginning a new line, which is often numbered or lettered for identification. This considerably facilitates understanding and interpretation of the claimed subject matter, and is highly recommended. Very short claims do not require this formal treatment. In the final analysis, the most important guideline for the drafter of claims is clarity, and any claim format that accomplishes this result is acceptable.

Historically there has been a conscious effort by practitioners to utilize only the participle form of verbs in a claim, e.g., being, defining, including, connecting, adjoining. This was done to avoid the use of dependent clauses within a claim, because it was considered poor claim drafting. Today, however, this objection is not considered valid, and it is completely acceptable to include a dependent clause within a claim, e.g., further defining an element recited in the body of the claim.

    3.    *Setting Forth Elements and Their Relationship to One Another*

        a.    **Aggregation v. Combination**

An "aggregation" may be said to consist of a number of elements that have no particular functional cooperation between one another, i.e., they do not function together to produce a single result. The statutory categories of invention defined by 35 USC §101 have been restricted by court decision to exclude inventions that are aggregations. The difference between an aggregation and a combination is that the elements of the latter do, in fact, cooperate to achieve a particular result. One judge drew an excellent analogy when he stated that an aggregation is like a track team, whereas a true combination is like a football team.

In spite of the fact that an invention itself may be a true combination, it is possible to *claim* such a combination in an "aggregative" manner by not properly interrelating the elements one to another. The elements of a combination may not simply be left dangling in midair when recited in the body of a claim, for in this

10.17

instance, the essence of the combination, i.e., the combination of elements to produce some practical and useful result, is not properly defined by the claim. The technique of relating the elements to one another in the claim will be discussed more fully hereinafter.

### b. Introduction of Elements

Each and every element of a combination to be claimed must be introduced in the body of a claim in the following manner: indefinite article plus name of the element. Under the term "indefinite article" fall not only the usual "a" and "an" but also statements such as "one, two," "a plurality of" or any other terminology that does not refer to a definite element. It is not permissible to employ the definite article "the" when introducing an element in the body of a claim for the first time. Thus, "the gear" is improper, and language such as "a gear" or "two gears" must be employed. In the case of a "means-plus-function clause", which will be discussed below, no article at all is needed to introduce the element defined thereby.

It is a fundamental rule of claim drafting that a new element should not be introduced in the middle of a recitation or description of another element. This is called "inferential claiming". For example, the following language is *incorrect*:

> A lever having a forked end with a pivot pin mounted between the furcations of the forked end;

Both the lever and the pivot pin are separate elements, and the proper format should be a follows:

(a)   A lever having a forked end;

(b)   a pivot pin mounted between the furcations of the forked end;

The same rules apply to the drafting of dependent claims. Any element introduced in the parent claim need not be reintroduced in the dependent claim, but any element newly introduced in a dependent claim must be separately introduced with an indefinite article.

10.18         DETAILS OF HOW TO DRAFT CLAIMS

### c.   Antecedent Basis

Whenever an element or a part of an element is referred to a second time in a claim, it is preceded by the definite article "the" or more formalistically, by the term "said". Stated another way, whenever an element or part of an element is recited in a claim utilizing either "the element" or "said element", it is necessary that there exists *antecedent basis* for that element in the claim, i.e., the element must have already been introduced in the claim. The word "said" is used by many practitioners rather than "the" to refer back to previously recited elements or parts of elements in order to be more specific. Albeit somewhat legalistic, this practice is entirely correct and may serve as an aid in drafting claims, since the word "said" so pointedly reminds the practitioner that the element referred to must have been introduced somewhere earlier in the claim. If the term "said" is employed, it should be employed consistently; it is also permissible to use "said" any time that reference is made back to an *element* of the invention and to use "the" to refer back to *parts* of elements or the like, as long as consistency is employed. The expression "the said" should be avoided as an awkward redundancy.

Introduction into the *preamble* of a part associated with the claimed combination, or often a workpiece or the like upon which the invention acts, also provides a suitable antecedent basis for referring in the *claim body* again to the same item utilizing the definite article "the" or "said". For example:

A device for cracking a nut, comprising:

    (a)   a concave member for holding the nut;

    (b)   etc.

The nut is not an element of the device, but because it has been properly introduced in the preamble, it can properly be referred to as "the nut" in the body of the claim.

### d.   Naming the Element

Of course, the first task of the draftsman is to decide which elements are to be introduced into the body of a claim. It is important

that he carefully consider the invention to determine which elements are essential to the inventive combination, and preferably to make a list of those elements, on the one hand, as well as a list of all other elements of the invention (i.e., nonessential elements), on the other hand. After determining which elements are essential and structuring the basic claim from them, the draftsman then must consider which remaining elements should be included in the broadest claim in order that the breadth of that claim is sufficient to distinguish over the prior art.

The next task is to determine a name for each of the elements. The draftsman of a patent application "may be his own lexicographer" by judicial decree. The same principle applies to the selection of names for elements recited in the claims, but the claims and specification must use consistent terminology. Thus, it is not particularly important which name is chosen for any given element, so long as that name is not clearly incorrect or contrary to accepted nomenclature.

In most cases, there exists a number of names for a particular element that would be equally satisfactory within a claim, and the choice of any of these names is determined primarily by the desired scope of the resulting claim. For example, if one were claiming a table, it would be possible to refer to the legs of the table in a claim as either "legs" or, alternatively, as "vertical support members". The latter term may be somewhat broader than the former. It is generally advisable to employ the broadest terminology possible in the broader claims in an application and to use progressively narrower terminology in the subsequent dependent claims.

As will be discussed shortly, it is also permissible to "name" an element simply as a "means" for accomplishing some result. This is especially helpful if the draftsman does not know the common name for an element. If he knows how the element functions, he can always define it in means-plus-function terminology. Of course, in the case of claiming a process, the elements are in fact functional steps and must be recited as such, e.g., "cutting", "heating" or "stirring".