# EXHIBIT 9

Case 1:05-cv-00029-JJF    Document 41-11    Filed 07/29/2005    Page 1 of 5

# MANUAL OF PATENT EXAMINING PROCEDURE

*Eighth Edition*

Incorporating Revision No. 2

For those who receive this book as a part of their subscription to Walker on Patents, this volume replaces volume 10 of the third edition set.



THOMSON

WEST

© 2004 West, a Thomson business

Copyright is not claimed as to any part of the original work prepared by a United States Government officer or employee as part of the person's official duties.

For authorization to photocopy, please contact the Copyright Clearance Center at 222 Rosewood Drive, Danvers, MA 01923, USA (978) 750-8400; fax (978) 646-8700 or West's Copyright Services at 610 Opperman Drive, Eagan, MN 55123, fax (651)687-7551. Please outline the specific material involved, the number of copies you wish to distribute and the purpose or format of the use.

West, a Thomson business, has created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. West is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision May 2004



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 2, May 2004

## 2173.05(e) Lack of Antecedent Basis [R-1]

A claim is indefinite when it contains words or phrases whose meaning is unclear. The lack of clarity could arise where a claim refers to "said lever" or "the lever," where the claim contains no earlier recitation or limitation of a lever and where it would be unclear as to what element the limitation was making reference. Similarly, if two different levers are recited earlier in the claim, the recitation of "said lever" in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended. A claim which refers to "said aluminum lever," but recites only "a lever" earlier in the claim, is indefinite because it is uncertain as to the lever to which reference is made. Obviously, however, the failure to provide explicit antecedent basis for terms does not always render a claim indefinite. If the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite. *Ex parte Porter*, 25 USPQ2d 1144, 1145 (Bd. Pat. App. & Inter. 1992) ("controlled stream of fluid" provided reasonable antecedent basis for "the controlled fluid"). Inherent components of elements recited have antecedent basis in the recitation of the components themselves. For example, the limitation "the outer surface of said sphere" would not require an antecedent recitation that the sphere has an outer surface. >See *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359, 61 USPQ2d 1216, 1218-19 (Fed. Cir 2001) (holding that recitation of "an ellipse" provided antecedent basis for "an ellipse having a major diameter" because "[t]here can be no dispute that mathematically an inherent characteristic of an ellipse is a major diameter").<

### EXAMINER SHOULD SUGGEST CORRECTIONS TO ANTECEDENT PROBLEMS

Antecedent problems in the claims are typically drafting oversights that are easily corrected once they are brought to the attention of applicant. The examiner's task of making sure the claim language complies with the requirements of the statute should be carried out in a positive and constructive way, so that minor problems can be identified and easily corrected, and so that the major effort is expended on more substantive issues. However, even though indefiniteness in claim language is of semantic origin, it is not rendered unobjectionable simply because it could have been corrected. *In re Hammack*, 427 F.2d 1384 n.5, 166 USPQ 209 n.5 (CCPA 1970).

### A CLAIM TERM WHICH HAS NO ANTECEDENT BASIS IN THE DISCLOSURE IS NOT NECESSARILY INDEFINITE

The mere fact that a term or phrase used in the claim has no antecedent basis in the specification disclosure does not mean, necessarily, that the term or phrase is indefinite. There is no requirement that the words in the claim must match those used in the specification disclosure. Applicants are given a great deal of latitude in how they choose to define their invention so long as the terms and phrases used define the invention with a reasonable degree of clarity and precision.

### A CLAIM IS NOT *PER SE* INDEFINITE IF THE BODY OF THE CLAIM RECITES ADDITIONAL ELEMENTS WHICH DO NOT APPEAR IN THE PREAMBLE

The mere fact that the body of a claim recites additional elements which do not appear in the claim preamble does not render the claim indefinite under 35 U.S.C. 112, second paragraph. See *In re [L]*, No. 01-1092 (Fed. Cir. May 9, 2001) (unpub[lished]) (The preamble of the *Larsen* claim recited [a] hanger and a loop but the body of the claim po[sitively] recited a linear member. The examiner reje[cted the] claim under 35 U.S.C. 112, second pa[ragraph] because the omission from the claim's prea[mble of a] critical element (i.e., a linear member) ren[dered the] claim indefinite. The court reversed the ex[aminer's] rejection and stated that the totality of all [the limita]tions of the claim and their interaction with [each other] must be considered to ascertain the invento[r's contri]bution to the art. Upon review of the cla[im in its] entirety, the court concluded that the cla[im] apprises one of ordinary skill in the art [of its scope] and, therefore, serves the notice function [required by] 35 U.S.C. 112, paragraph 2.).

## 2173.05(f) Reference to Limitatio[ns in an]other Claim

A claim which makes reference to [another] claim to define a limitation is an acc[eptable]