# Exhibit 14

# Landis on Mechanics of Patent Claim Drafting

FIFTH EDITION

# Landis on Mechanics of Patent Claim Drafting

FIFTH EDITION

ROBERT C. FABER

INCORPORATING RELEASE NO.1
NOVEMBER 2004
ORDER #6844

PRACTISING LAW INSTITUTE
NEW YORK CITY
G1-8805

*This work is designed to provide practical and useful information on the subject matter covered. However, it is sold with the understanding that neither the publisher nor the author is engaged in rendering legal, accounting or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.*

**QUESTIONS ABOUT THIS BOOK?**

If you have questions about replacement pages, billing or shipments, or would like information on our other products, please contact our **customer service department** at (800) 260-4PLI.

For library-related queries, **law librarians** may email: libraryrelations@pli.edu.

For any other questions or suggestions about this book, contact PLI's **editorial department** at: editorial@pli.edu.

For general information about Practising Law Institute, please visit **www.pli.edu**.

Copyright © 1986, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2001, 2002, 2003, 2004 by Practising Law Institute. All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of Practising Law Institute.

Library of Congress Catalog Card Number: 93-83371
ISBN 0-87224-054-1

In *Schumer v. Laboratory Computer Systems, Inc.*,[36] the preamble of a method claim described features that necessarily exist in any coordinate system for a digitizer, but did not describe how the device operates with respect to those features. The body of the claim details the functional attributes of the device that performs the methods. The preamble was deemed superfluous.

In *Intirtool v. Texar Corp.*,[36.1] the court said that if the body of the claim "describes a structurally complete invention such that detection of the preamble phrase does not affect the structure or steps of the claimed invention". . . . Here the preamble does not recite any "additional structure or steps underscored as important by the specification." These are tests for the preamble having to be considered as a limiting claim element.

These cases show different treatments of preamble recitations. But if the preamble lacks unnecessary words, there is no interpretation issue raised.

There is nothing to gain by having an overlong preamble, with many elements recited. Each may become a claim limitation which a later copyist could avoid using.

Recommended preambles for different types of claims are set out in subsequent parts of this treatise.

**Summary**

*Use descriptive preambles defining the nature of the combination claimed. Do not put unnecessary limitations even in the preamble. Assume every word you write in a claim is critical, and may some day be used against your client, to restrict the scope of his invention.*

## § 2:5 Transition from Preamble to Body—"Comprising" and Other Open-Ended Terms

Most ordinary combination claims require a transitional word or phrase between the preamble (naming the thing to be claimed) and the body of the claim (defining what the elements or parts of the thing are). Two recommended forms of transition that can be employed for most claims are the phrases: "which comprises" or "comprising." The choice between the two is immaterial.

36. Schumer v. Lab. Computer Sys., Inc., 308 F.3d 1304, 64 U.S.P.Q.2d (BNA) 1832 (Fed. Cir. 2003).

36.1. Intirtool Ltd. v. Texar Corp., 369 F.3d 1289, 70 U.S.P.Q.2d (BNA) 1780 (Fed. Cir. 2004).

The word "comprises" has been construed to mean, in patent law, "including the following elements but not excluding others."[37] The claim is "open," not "closed."[38] Additional elements in an accused device or method do not avoid such an open claim.[39]

When "comprising" is used as a transition word in a method claim, that claim encompasses a method including additional steps to those expressly recited in the claim, including a step preceding or following one of the steps expressly recited.[40]

Other words, less often used, have been given the same meaning in patent claim interpretation as "comprising": "including,"[41] "having,"[42] "containing,"[42.1] and even "wherein."[43] However, "compris-

---

37. MPEP § 2111.03; Moleculon Research Corp. v. CBS, Inc., 229 U.S.P.Q. (BNA) 805, 812 (Fed. Cir. 1986).

38. MPEP § 2111.03; Burke, Inc. v. Everest & Jennings, Inc., 991 F.2d 812, 29 U.S.P.Q.2d (BNA) 1393, 1397 (Fed. Cir. 1993) (unpublished); Special Metals Corp. v. Teledyne Indus., Inc., 219 U.S.P.Q. (BNA) 953 (4th Cir. 1983); Air Prods. & Chems., Inc., v. Chas. S. Tanner Co., 219 U.S.P.Q. (BNA) 223 (D.S.D. 1983); *In re* Certain Slide Fastener Stringers, 216 U.S.P.Q. (BNA) 907 (Ct. Int'l Trade 1981). A patent claim "which uses the term 'comprising,' is an 'open' claim which will read on devices which add additional elements. . . ." Carl Zeiss Stiftung v. Renishaw PLC, 945 F.2d 1173, 20 U.S.P.Q.2d (BNA) 1094 (Fed. Cir. 1991); Abtox, Inc. v. Exitron Corp., 43 U.S.P.Q.2d (BNA) 1545, 1548 (Fed. Cir. 1997), *modified on other grounds*, 46 U.S.P.Q.2d (BNA) 1735 (Fed. Cir. 1997); Genentech, Inc. v. Chiron Corp., 112 F.3d 495, 501, 42 U.S.P.Q.2d (BNA) 1608, 1613 (Fed. Cir. 1997); *see also* T.J. Smith & Nephew Ltd. v. Parke, Davis & Co., 871 F.2d 1098, 10 U.S.P.Q.2d (BNA) 1946 (Fed. Cir. 1989); Berenter v. Quigg, 737 F. Supp. 5, 14 U.S.P.Q.2d (BNA) 1175 (D.D.C. 1988); Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 212 F.3d 1377, 54 U.S.P.Q.2d (BNA) 1841 (Fed. Cir. 2000).

39. Smith & Nephew, Inc. v. Ethicon, Inc., 276 F.3d 1304, 61 U.S.P.Q.2d (BNA) 1065 (Fed. Cir. 2002); Dow Chem. Co. v. Sumitomo Chem. Co., 59 U.S.P.Q.2d (BNA) 1609, 1620 (Fed. Cir. 2001); Vivid Tech, Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 811, 53 U.S.P.Q.2d (BNA) 1289, 1301 (Fed. Cir. 1999).

40. Invitrogen Corp. v. Biocrest Mfg., LP, 327 F.3d 1364, 66 U.S.P.Q.2d (BNA) 1631 (Fed. Cir. 2003).

41. *In re* Certain Slide Fastener Stringers, 216 U.S.P.Q. (BNA) 907 (Ct. Int'l Trade 1981); Burke, Inc. v. Everest & Jennings, Inc., 991 F.2d 812, 29 U.S.P.Q.2d (BNA) 1393, 1397 (Fed. Cir. 1993) (unpublished).

42. *In re* Certain Slide Fastener Stringers, 216 U.S.P.Q. (BNA) 907 (Ct. Int'l Trade 1981); Compro-Frank Corp. v. Valk Mfg. Co., 216 U.S.P.Q. (BNA) 531 (E.D. Pa. 1982). *But see* Lampi Corp. v. Am. Power Prods., Inc., 228 F.3d 1365, 56 U.S.P.Q.2d (BNA) 1445, 1453–54 (Fed. Cir. 2000).

42.1. Mars Inc. v. H.J. Heinz Co., 377 F.3d 1369, 71 U.S.P.Q.2d (BNA) 1837 (Fed. Cir. 2004). Some claims had "containing at least . . ." while others had "containing." The latter claims were still considered to be open-ended.

43. *Ex parte* Grasselli, 231 U.S.P.Q. (BNA) 395 (Board of Patent Appeals and Interferences 1983).

ing" is recommended simply because it has become a standardized word of the patent art.

*Lampi Corp. v. American Power Products, Inc.*[44] illustrates the risk a claim writer takes by using a word, here "having" rather than "comprising," as an open-ended transition word. The court spent much time analyzing the specification to see if the word "having" was open-ended in a claim. The court also relied on a dependent claim that used the word "comprising" as a basis for finding the "having" in the parent claim open-ended. So, why take a risk in claiming? The Federal Circuit yet again construed "having,"[45] saying that word does not presumptively "open" the body of the claim. It is not as strongly open a word as "comprising." The court therefore had to examine the claim in context to determine the limits of "having."

For example, a claim to "A writing implement *comprising* a pencil with an eraser fastened at one end" covers any type of eraser-tipped pencil: wood, mechanical, etc.; with or without a clip to hook it in one's pocket; and whether or not additional features or additions are patentable to later inventors. Thus, in patent shorthand, "the combination comprising A+B (individual elements or parts)" covers A+B+C . . . or A+B´ (a variation of element B falling under the claim definition). In general, the technique of writing broad claims is to claim the minimum number of elements that will function in the combination, each defined as broadly as the prior art and claim drafting doctrines will allow. In that manner, the main "point of the invention," or "inventive concept,"[46] should be crystallized in concrete terms.

However, despite use of "comprising" as the transition, a claim can be interpreted such that all of the elements of one type have a claimed characteristic, although the claim recites that a plurality of those elements have that characteristic—suggesting to the patent owner that some of those elements in an accused product may lack that characteristic yet still be within the claim.[47]

Some form of the word "comprise" is practically always used for mechanical or method combination claims.

---

44. Lampi Corp. v. Am. Power Prods., Inc., 228 F.3d 1365, 56 U.S.P.Q.2d (BNA) 1445 (Fed. Cir. 2000).

45. Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc., 57 U.S.P.Q.2d (BNA) 1953, 1958–59 (Fed. Cir. 2001).

46. Note, some attorneys sometimes speak loosely of "the invention," meaning the point of novelty or inventive concept, rather than merely the technical subject matter to be patented, as the word "invention" is defined in the statute. This double or triple meaning for the word "invention" is confusing and should be avoided.

47. Tex. Instruments, Inc. v. United States Int'l Trade Comm'n, 26 U.S.P.Q.2d (BNA) 1018, 1024 (Fed. Cir. 1993).

Although the foregoing discussion was directed at transitions following a preamble, it applies to transitional phrases throughout a claim, wherein any claim element is defined as comprising other elements. The foregoing does not apply to elements that are not transition words. They can be open-ended as well, meaning that they are not limited to the specific components or elements recited for that word. "Mixture" is not always limited to the specific component parts thereof expressly recited, but may include others because the claim has an open-ended transition word.[47.1]

**Summary**

*Use the open-ended transition like "comprising" or "which comprises," except in very unusual cases.*

## § 2:6 "Consisting"—"Consisting Essentially Of" and Other Close-Ended Transition Terms

Other transitions have more limited meanings. They are used primarily in chemical cases, where the art or other reason requires limitation.

"Consisting" or "consisting of," especially in a mechanical claim, means that the claim covers devices having the recited elements, and no more or no less,[48] and in method claims, means that the process has only the recited steps.[49] Other words may be similarly closed ended, like "composed of," "constituting,"[50] "having,"[51] or "being." But that is not automatic and whether each is closed or open ended must be interpreted in light of the specification.[52] (In

47.1. Mars, Inc. v. H.J. Heinz Co., 377 F.3d 1369, 71 U.S.P.Q.2d (BNA) 1837 (Fed. Cir. 2004).

48. MPEP § 2111.03; *In re* Certain Slide Fastener Stringers, 216 U.S.P.Q. (BNA) 907 (Ct. Int'l Trade 1981); *Ex parte* Grasselli, 231 U.S.P.Q. (BNA) 395 (Board of Patent Appeals and Interferences 1983); Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 212 F.3d 1377, 54 U.S.P.Q.2d (BNA) 1841 (Fed. Cir. 2000). In *Vehicular Technologies*, the claim recited consisted of two springs, the accused device had one spring and a range of equivalents was restricted by the transition word.

49. Special Metals Corp. v. Teledyne Indus., Inc., 219 U.S.P.Q. (BNA) 953 (4th Cir. 1983).

50. *Cf.* Lampi Corp. v. Am. Power Prods., Inc., 228 F.3d 1365, 56 U.S.P.Q.2d (BNA) 1445, 1453 (Fed. Cir. 2000).

51. Am. Original Corp. v. Jenkins Food Corp., 216 U.S.P.Q. (BNA) 945 (4th Cir. 1982).

52. MPEP § 2111.03.

this author's opinion, "having" is an open ended word.) "Consisting of"—in chemical claims, the term excludes more than traces of other ingredients.[53] One sees greater use of "closed" claims with "consisting of" as the transition because chemical combinations are not predictable, and the addition of an element to a chemical combination could change the characteristics of the combination as they relate to the invention.

*Norian Corporation v. Stryker Corporation*[53.1] made clear that a combination consisting of certain elements would not be infringed by another combination which included an additional element related to the invention, but would be infringed if the additional element was not part of the invention. In *Norian*, the claim was to a kit consisting of certain chemicals. But the claim did not recite a spatula as one of the elements. (Nor did it recite a container and other environmental elements.) The court said that ". . . while 'consisting of' limits the claimed invention, it did not limit aspects unrelated to the invention. . . . While the term 'consisting of' permits no other chemicals in the kit, a spatula is not part of the invention that is described. . . . Infringement is not avoided by the presence of the spatula for the spatula has no interaction with the chemicals and is irrelevant to the invention."

In a *Markush* grouping of elements, primarily used in chemical claims, the term "consisting of" is used to introduce the *Markush* group.[54]

"'Consisting essentially of' occupies a middle ground between 'closed' claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format."[55]

"Consisting essentially of" excludes other elements from having any essential significance to the combination, that is, it allows some "reading on" additional unspecified substances,[56] that is, those which do not materially affect the basic and novel characteristics of the claimed invention;[57] "the signal 'consisting essentially of'

53. *Ex parte* Grasselli, 231 U.S.P.Q. (BNA) 395 (Board of Patent Appeals and Interferences 1983).

53.1. Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1331, 70 U.S.P.Q.2d (BNA) 1780 (Fed. Cir. 2004).

54. *See* section 6:2, *infra*.

55. PPG Indus., Inc. v. Guardian Ind. Corp., 156 F.3d 1351, 48 U.S.P.Q.2d (BNA) 1351, 1353–54 (Fed. Cir. 1998).

56. Special Metals Corp. v. Teledyne Indus., Inc., 219 U.S.P.Q. (BNA) 953 (4th Cir. 1983); Dow Chem. Co. v. Am. Cyanamid Co., 229 U.S.P.Q. (BNA) 171, 180 (E.D. La. 1985); AK Steel Corp. v. Sollac & Ugine, 234 F. Supp. 2d 711, 65 U.S.P.Q. 2d (BNA) 1332, 1339 (S.D. Ohio 2002).

57. MPEP § 111.03; PPG Indus., Inc. v. Guardian Ind. Corp., 156 F.3d 1351, 48 U.S.P.Q.2d (BNA) 1351, 1353–54 (Fed. Cir. 1998); BASF Corp. v. Eastman Chem. Co., 56 U.S.P.Q.2d (BNA) 1396, 1404 (D. Del. 1998).

allows for the presence of small amounts of components outside of the designated [composition]."[58] Although "consisting essentially of" is typically used for compositions, it may also be used for method steps.[59]

For example, in *In re Garnero*,[60] the C.C.P.A. ruled that the phrase "consisting essentially of" excludes "additional unspecified ingredients which would affect the basic and novel characteristics of the product defined in the balance of the claim."[61] These meanings were discussed by the Patent Office Board of Appeals in *Ex parte Davis*[62] as a "code" adopted by a group of primary examiners for their guidance. These meanings are now quite stylized in the patent law. "Composed of," one might have thought, is the same as "consisting of." But the Federal Circuit, quoting MPEP § 2110.03, interprets "composed of" as "consisting essentially of," which is slightly open-ended.[63]

These more limited claims are spoken of as "closed" or "closed ended,"[64] because other elements or other material elements are excluded from the combination.[65] Of course, "consisting" should be avoided in the broader claims wherever possible as it is severely limiting. The test of when "consisting essentially" is required instead of the broad "comprising" is not clear.

Other, hybrid phraseologies may be acceptable as having a scope somewhere between "comprising" and "consisting essentially." For example, *Natta et al.* patent 3,112,301 has a claim that reads, "consists prevailingly but not essentially of . . ."

In *Ziegler v. Phillips Petroleum Co.*,[66] the court on specific facts held that "consisting essentially" permitted material additions so long as the "consisting essentially" ingredients were "necessarily

---

58. Talbert Fuel Sys. Patents Co. v. Unocal Corp., 275 F.3d 1371, 61 U.S.P.Q.2d (BNA) 1363 (Fed. Cir. 2002).
59. MPEP § 2111.03.
60. *In re* Garnero, 162 U.S.P.Q. (BNA) 221, 223 (C.C.P.A. 1969).
61. Water Techs. Corp. v. Calco Ltd., 7 U.S.P.Q.2d (BNA) 1097, 1102 (Fed. Cir. 1988); *In re* Herz, 190 U.S.P.Q. (BNA) 461, 463 (C.C.P.A. 1976).
62. *Ex parte* Davis, 80 U.S.P.Q. (BNA) 448 (Board of Patent Appeals and Interferences 1948).
63. AFG Indus., Inc. v. Cardinal IG Co., 239 F.3d 1239, 57 U.S.P.Q.2d (BNA) 1776, 1780–81 (Fed. Cir. 2001).
64. MPEP § 2111.03; *In re* Certain Slide Fastener Stringers, 216 U.S.P.Q. (BNA) 907 (Ct. Int'l Trade 1981); Special Metals Corp. v. Teledyne Indus., Inc., 219 U.S.P.Q. (BNA) 953 (4th Cir. 1983).
65. In Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 212 F.3d 1377, 54 U.S.P.Q.2d (BNA) 1841 (Fed. Cir. 2000), the claim recited "consisting of" two springs. Although the doctrine of equivalents still applied, the scope of equivalents was greatly narrowed by the use of "consisting of."
66. Ziegler v. Phillips Petroleum Co., 177 U.S.P.Q. (BNA) 481 (5th Cir. 1973).