# TAB 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court
## District of Utah

CEPHALON, INC. and
UNIVERSITY OF UTAH
RESEARCH FOUNDATION

v.

BARR LABORATORIES, INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-29

TO: WORKMAN NYDEGGER, 1000 Eagle Gate Tower,
60 E. South Temple, Salt Lake City, UT 84111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
| --- | --- |
| Citi Court LLC<br>50 S. Main Street, Suite 830, Salt Lake City, UT 84144 | August 25, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | August 11, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael K. Nutter, Esq., Winston & Strawn LLP
35 W. Wacker Dr., Chicago, IL 60601

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| **SERVED** | DATE<br>August 12, 2005<br>4:30 pm | PLACE<br>60 E. South Temple St., Suite 1000<br>Salt Lake City, UT 84111 |
| | SERVED ON (PRINT NAME)<br>Charles Roberts, attorney | MANNER OF SERVICE<br>Corporate |
| | SERVED BY (PRINT NAME)<br>Clifford Stowers | TITLE<br>Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

on   August 15, 2005
         DATE

SIGNATURE OF SERVER

4956 West 6200 South, PMB 547
ADDRESS OF SERVER

Kearns, UT 84118

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D (c)

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### Definitions With Respect To Items Subpoenaed

The terms used in the following list of items subpoenaed shall be construed as follows:

A. "The Firm" shall mean Workman Nydegger and all of its predecessors (including Workman, Nydegger & Jensen), successors, parents, present and former directors, officers, employees, agents, representatives, investigators, partners, attorneys, and all other persons acting or purporting to act for or on behalf of Workman Nydegger.

B. "Barr" shall mean Barr Laboratories, Inc., and all of its affiliates and subsidiaries.

C. "The Foundation" shall mean The University of Utah Research Foundation and all of its, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other person acting or purporting to act for or on behalf of The University of Utah Research Foundation.

D. "Anesta" shall mean Anesta Corporation and all of its, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, partners, attorneys, and all other person acting or purporting to act for or on behalf of Anesta, including, but not limited to Cephalon, Inc.

E. "K&M" shall mean Kirton & McConkie and all of its predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other person acting or purporting to act for or on behalf of Kirton & McConkie, including, but not limited to Michael F. Krieger, Esq.

F. "The '737 patent" shall mean United States Patent No. 4,863,737.

G. "The inventors" shall mean the individuals listed on the face of the '737 patent: Theodore Stanley and Brian Hague.

H. The term "person" shall mean any individual, corporation, proprietorship, partnership, limited partnership, association, joint venture, governmental body or agency, or other legal entity.

I. "Document" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

J. "Thing" shall mean any physical specimen or other tangible item, other than a document.

1

K.  "And" or "or" shall be construed conjunctively or disjunctively, and singular or plural forms of words shall be construed as plural or singular, as necessary to make the request inclusive rather than exclusive; "any" shall mean on or more.

L.  The term "communication(s)" means any oral, written, electronic, or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing, including, but not limited to, spoken words, discussions, conferences, conversations, negotiations, agreements, understandings, inquiries, promises, complaints, or correspondence.

M.  "Relating to" means to consist of, refer to, or be in any way legally, logically, or factually connected with the matter discussed.

N.  When a document or thing that "concerns" or "concerning" any given mater is sought, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to , discussing, or prepared in connection with the matter.

2

## Instructions

A. Each document or thing or group of documents or things produced in response to the subpoena shall indicate the item number of the subpoena to which it is responsive.

B. For purposes of this subpoena, a document or thing is deemed to be in your control if you have the right to secure the document or thing or a copy thereof from another person or entity having actual possession of the document or thing.

## Items Subpoenaed

1. All documents relating to or concerning the validity, enforceability or infringement of the '737 patent prepared, obtained or requested by The Firm.

2. All documents relating to or concerning the validity, enforceability or infringement of any foreign counterpart application or patent of the '737 patent prepared, obtained or requested by The Firm.

3. All documents relating to or concerning the validity, enforceability or infringement of any continuation application of the '737 patent prepared, obtained or requested by The Firm.

4. All documents and communications relating to or concerning the prosecution of the application that ultimately issued as the '737 patent.

5. Any and all drafts of any document submitted to any foreign patent office in connection with the prosecution of applications from which any foreign counterparts of the '737 patent issued, including internal correspondence and/or memoranda.

6. All documents and/or information that the inventors, including their representatives, The Foundation, Anesta, or The Firm considered in connection with the preparation of (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

7. The files of the prosecuting attorney(s) for (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart patent application of the '737 patent, and (c) any continuation application of the '737 patent.

8. All internal correspondence and/or memoranda relating to or concerning (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

9. All communications between The Firm and The Foundation and/or Anesta (including the inventors) relating to or concerning (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

10. All documents concerning any communications or contacts between The Foundation and/or Anesta and/or The Firm and any third party concerning (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

11. All documents or communications between The Firm and K&M and/or Wilmer Cutler Pickering Hale and Dorr LLP, relating to or concerning the present lawsuit.

12. All documents relating to conception and reduction to practice of the invention allegedly disclosed (a) in the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

# TAB 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court
## District of Utah

CEPHALON, INC. and
UNIVERSITY OF UTAH
RESEARCH FOUNDATION

v.

BARR LABORATORIES, INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-29

TO: KIRTON & McCONKIE, 1800 Eagle Gate Tower,
60 E. South Temple, Salt Lake City, UT 84145

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Citi Court LLC<br>50 S. Main Street, Suite 830, Salt Lake City, UT 84144 | August 25, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | August 11, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael K. Nutter, Esq., Winston & Strawn LLP
35 W. Wacker Dr., Chicago, IL 60601

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| **DATE** | **PLACE** |
| SERVED August 12, 2005 4:24 pm | 60 E. South Temple St., Suite 1800 Salt Lake City, UT 84111 |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |
| Thomas Mecham, director | Corporate |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| Clifford Stowers | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

on    August 15, 2005
            DATE

SIGNATURE OF SERVER

4956 West 6200 South, PMB 547
ADDRESS OF SERVER

Kearns, UT 84118

Rule 45, Federal Rules of Civil Procedure, Parts C & D (c)

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.

(B) if a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### Definitions With Respect To Items Subpoenaed

The terms used in the following list of items subpoenaed shall be construed as follows:

A. "The Firm" shall mean Kirton & McConkie and all of its predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, partners, attorneys, and all other person acting or purporting to act for or on behalf of Kirton & McConkie, including, but not limited to Michael F. Krieger, Esq.

B. "Barr" shall mean Barr Laboratories, Inc., and all of its affiliates and subsidiaries.

C. "The Foundation" shall mean The University of Utah Research Foundation and all of its, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other person acting or purporting to act for or on behalf of The University of Utah Research Foundation.

D. "Anesta" shall mean Anesta Corporation and all of its, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other person acting or purporting to act for or on behalf of Anesta, including, but not limited to Cephalon, Inc.

E. "WN" shall mean Workman Nydegger and all of its predecessors, successors, parents, present and former directors, officers, employees, agents, representatives, investigators, partners, attorneys, and all other person acting or purporting to act for or on behalf of Workman Nydegger.

F. "The '737 patent" shall mean United States Patent No. 4,863,737.

G. "The inventors" shall mean the individuals listed on the face of the '737 patent: Theodore Stanley and Brian Hague.

H. The term "person" shall mean any individual, corporation, proprietorship, partnership, limited partnership, association, joint venture, governmental body or agency, or other legal entity.

I. "Document" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

J. "Thing" shall mean any physical specimen or other tangible item, other than a document.

K.  "And" or "or" shall be construed conjunctively or disjunctively, and singular or plural forms of words shall be construed as plural or singular, as necessary to make the request inclusive rather than exclusive; "any" shall mean on or more.

L.  The term "communication(s)" means any oral, written, electronic, or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing, including, but not limited to, spoken words, discussions, conferences, conversations, negotiations, agreements, understandings, inquiries, promises, complaints, or correspondence.

M.  "Relating to" means to consist of, refer to, or be in any way legally, logically, or factually connected with the matter discussed.

N.  When a document or thing that "concerns" or "concerning" any given mater is sought, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to , discussing, or prepared in connection with the matter.

## Instructions

A. Each document or thing or group of documents or things produced in response to the subpoena shall indicate the item number of the subpoena to which it is responsive.

B. For purposes of this subpoena, a document or thing is deemed to be in your control if you have the right to secure the document or thing or a copy thereof from another person or entity having actual possession of the document or thing.

## Items Subpoenaed

1. All documents relating to or concerning the validity, enforceability or infringement of the '737 patent prepared, obtained or requested by The Firm.

2. All documents relating to or concerning the validity, enforceability or infringement of any foreign counterpart application or patent of the '737 patent prepared, obtained or requested by The Firm.

3. All documents relating to or concerning the validity, enforceability or infringement of any continuation application of the '737 patent prepared, obtained or requested by The Firm.

4. All documents and communications relating to or concerning the prosecution of the application that ultimately issued as the '737 patent.

5. Any and all drafts of any document submitted to any foreign patent office in connection with the prosecution of applications from which any foreign counterparts of the '737 patent issued, including internal correspondence and/or memoranda.

6. All documents and/or information that the inventors, including their representatives, The Foundation, Anesta, or The Firm considered in connection with the preparation of (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

7. The files of the prosecuting attorney(s) for (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart patent application of the '737 patent, and (c) any continuation application of the '737 patent.

8. All internal correspondence and/or memoranda relating to or concerning (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

9. All communications between The Firm and The Foundation and/or Anesta (including the inventors) relating to or concerning (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

10. All documents concerning any communications or contacts between The Foundation and/or Anesta and/or The Firm and any third party concerning

4

      (a) the application that ultimately issued as the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.

11.     All documents or communications between The Firm and WN and/or Wilmer Cutler Pickering Hale and Dorr LLP, relating to or concerning the present lawsuit.

12.     All documents relating to conception and reduction to practice of the invention allegedly disclosed (a) in the '737 patent, (b) any foreign counterpart application of the '737 patent, and (c) any continuation application of the '737 patent.