IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and<br>UNIVERSITY OF UTAH<br>RESEARCH FOUNDATION<br><br>　　　　Plaintiffs<br><br>v.<br><br>BARR LABORATORIES, INC.<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-29-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO COMPEL RETURN OF
## INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS

　　　　　　　　　　　　　　　　Frederick L. Cottrell, III (#2555)
　　　　　　　　　　　　　　　　Cottrell@rlf.com
　　　　　　　　　　　　　　　　Chad M. Shandler (#3796)
　　　　　　　　　　　　　　　　Shandler@rlf.com
　　　　　　　　　　　　　　　　Richards Layton & Finger, P.A.
　　　　　　　　　　　　　　　　P.O. Box 551
　　　　　　　　　　　　　　　　One Rodney Square
　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-0551
　　　　　　　　　　　　　　　　(302) 651-7700

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs CEPHALON, INC., and
　　　　　　　　　　　　　　　　UNIVERSITY OF UTAH RESEARCH
　　　　　　　　　　　　　　　　FOUNDATION

OF COUNSEL:

William F. Lee
David B. Bassett
Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: August 31, 2005

RLF1-2916841-1

## INTRODUCTION

The parties to this litigation agreed to a Protective Order, which the Court endorsed, that explicitly provides that inadvertent production of privileged documents shall not constitute a waiver of the attorney-client privilege or work product immunity. Nonetheless, Defendant Barr Laboratories, Inc ("Barr") has refused to return several privileged documents inadvertently produced by Plaintiffs Cephalon, Inc. and the University of Utah Research Foundation ("Cephalon"), erroneously claiming that the production was not "inadvertent." Barr's position lacks merit and is merely an attempt to avoid the clear, unambiguous terms of the Protective Order. Accordingly, Cephalon's Motion to Compel, which is being filed pursuant to Paragraph 4 of the Scheduling Order, should be granted.

## BACKGROUND

In April 2005, counsel for Cephalon and Barr jointly submitted a proposed Protective Order to the Court, which the Court endorsed on April 28, 2005 without modification. (Ex. 1). Paragraph 16 of the Order provides, in part:

> "Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s)." (Id. ¶ 16)

Thereafter, the parties engaged in discovery, including review and production (to date) of approximately 270,000 pages of documents by Cephalon. (Ex. 2) On June 21, 2005, Cephalon produced roughly six thousand pages of documents to Barr bearing Bates Nos CE 109554 – CE 114999 22. (Ex 3). It was later discovered that this production contained approximately fifty pages of inadvertently produced privileged documents, which are the subject of this motion.

RLF1-2916841-1

On August 12, 2005, Barr took the deposition of Mr. William Moeller in Salt Lake City, Utah. During the deposition, Barr marked six documents as exhibits, all of which were privileged.[1] (Moeller Dep. Rough Tr. at 77-78, 94-96) Counsel for Cephalon, unaware that privileged documents had been produced to Barr prior to the deposition, immediately objected to the documents as inadvertently produced privileged documents. Id. During the deposition, counsel for Barr did not dispute the privileged nature of the documents, and in fact suggested that other similar documents may be present in Cephalon's document production to Barr. (Moeller Dep. Rough Tr. at 94.)

Shortly after the deposition, pursuant to Paragraph 16(c) of the Protective Order, Cephalon's counsel reviewed certain portions of Cephalon's production in and around the Bates range of the deposition exhibits in question, and determined that 52 pages of privileged documents had been inadvertently produced. Immediately thereafter, on August 17, 2005 and pursuant to Paragraph 16(c), counsel for Cephalon notified Barr of this in writing and requested return of the documents. (Ex. 4)[2]

---

[1] Barr Dep. Ex. 20 (Bates Nos. CE 114252 – CE 114253); Dep. Ex. 23 (Bates Nos. CE 114244 – CE 114246); Dep. Ex. 24 (Bates Nos. CE 114239 – CE 114240); Dep. Ex. 25 (Bates Nos. CE 114323 – CE 114237); Dep. Ex. 26 (Bates Nos. CE 114230 – CE 114222); and Dep. Ex. 27 (Bates No. CE 114210). Each of the documents (except for Exhibit 27) was correspondence on the law firm letterhead of Workman, Nydegger & Jensen ("Workman Nydegger") addressed to Mr. Moeller. Workman Nydegger prosecuted the '737 Patent at issue in this litigation.

[2] The following additional inadvertently produced privileged documents were identified in the August 17, 2005 letter: Bates Nos. CE 114207 – CE 114208; CE 114209; CE 114211; CE 114213 – CE 114216; CE 114217; CE 114220, CE 114223; CE 114224; CE 114229; CE 114238; CE 114241 – CE 114242; CE 114243; CE 114247 – CE 114248; CE 114249 – CE 114250; CE 114251; CE 114254 – CE 114255; CE 114257 – CE 114259; CE 114260 – CE 114261; CE 114262 – CE 114263; CE 114264 – CE 114265; CE 114266 – CE 114267; and CE 114268 – CE 114269. Virtually all of the additional documents were on Workman Nydegger letterhead, and all came from the same Bates range as the six inadvertently produced deposition exhibits. (Ex. 4). Cephalon's counsel requested, pursuant to Paragraph 16, that Barr return all originals and copies of the privileged documents in its possession. Id.

- 3 -

Rather than return the documents, on August 24, 2005, Barr asserted that the privileged documents were not produced inadvertently, and has refused to return them. (Ex. 5). Barr apparently does not dispute Cephalon's claim of privilege. Id. Pursuant to Paragraph 16, Cephalon subsequently filed this Motion to Compel.[3]

## ARGUMENT

Courts have held that where, as here, the parties have included a protective order provision designed to prevent waiver of the attorney client privilege premised on inadvertent production, the terms of that provision are controlling because they reflect the parties' clear choice to "modify the otherwise applicable law concerning inadvertent disclosure of privileged documents." See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc., 2001 WL 699850, at *3 (S.D. Ind. May 29, 2001) (enforcing the "clear terms of the protective order").[4]

In this case, not only does the Protective Order provision prevent waiver in cases of inadvertent production, it limits the receiving party's ability to refuse returning such documents to situations where the receiving party has a "good faith basis for asserting that the information is not protected by any privilege or immunity." (Ex. 1 ¶ 16(b)) (emphasis added). Barr has made *no attempt* to challenge the privileged nature of the documents, but rather has done just the opposite, conceding that the documents are "clearly and easily identifiable" as privileged. (Ex. 5 at 2.)

---

[3] On August 29, 2005, Cephalon sent Barr another letter explaining its position, and again requesting that Barr return the privileged documents. (Ex. 6). Cephalon's counsel are presently unaware of any response to that letter or to a telephone message left that day with Barr's counsel.

[4] If the relevant protective order provision merely incorporated the caselaw standards governing inadvertent waiver, the provision would have no effect. See U.S. Fidelity & Guaranty Co. v. Braspetro Oil Servs. Co., 2000 WL 744369, at *4 (S.D.N.Y. June 8, 2000) (protective order controls, particularly where receiving party does not challenge the privileged nature of the document).

Barr's only argument is that the documents were not inadvertently produced. Id. That argument is irrelevant, since the Protective Order contains no provision permitting the receiving party to contest the producing party's timely assertion of inadvertent production.[5] Moreover, the argument ignores the facts and circumstances suggesting that the privileged documents were set aside to be added to Cephalon's privilege log, but were then mistakenly produced to Barr.[6] See, e.g., Berg Elecs. v. Molex, Inc., 875 F. Supp. 261, 263 (D. Del 1995) (disclosure was inadvertent where documents were intended to be withheld, but were mistakenly produced during processing phase). When a party produces 270,000 pages of documents, as Cephalon has, inadvertent production of 52 pages of privileged material can hardly be so reckless as to support a finding of waiver, especially where Cephalon promptly rectified the disclosure in accordance with the explicit terms of the Protective Order.

---

[5] Indeed, if the protective order provision "applied only to documents deemed inadvertently produced under governing caselaw, then the parties would have to brief that law for the court to determine even whether the provision applied to a particular situation . . . [which] would contravene the provision's purpose of protecting the parties from having to litigate inadvertent production issues." See Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997) (holding that protective order provision "does not incorporate the caselaw governing inadvertent waiver," and waiver only found if production was "completely reckless"). Should the Court decide that Paragraph 16 of the Protective Order is inapplicable – which it is not –Cephalon requests the opportunity to provide additional briefing on this issue.

[6] The documents in question fall within a narrow Bates range from CE 114207 – CE 114269 (Ex. 4). As Barr concedes, most of the documents were correspondence on law firm letterhead, easily identifiable as privileged. (Ex. 5).

- 4 -

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that their Motion to Compel the Return of Inadvertently Produced Privileged Documents be granted

*/s/ signature*
Frederick L Cottrell, III (#2555)
Cottrell@rlf com
Chad M. Shandler (#3796)
Shandler@rlf com
Richards Layton & Finger, P A
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiffs Cephalon and
University of Utah Research Foundation

OF COUNSEL:
William F Lee
David B. Bassett
Peter J Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: August 31, 2005

- 5 -

RLF1-2916841-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and<br>UNIVERSITY OF UTAH<br>RESEARCH FOUNDATION<br><br>    Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-29-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1., the undersigned counsel certifies that the Defendant opposes the relief sought by this Motion.

_____
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiffs Cephalon and University of Utah Research Foundation

Of Counsel:
William F. Lee
David B. Bassett
Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: August 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**VIA HAND DELIVERY**
Josy W. Ingersoll, Esquire
Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

I hereby certify that on August 31, 2005, I have mailed via Federal Express, the foregoing documents to the following non-registered participants:

| | |
|---|---|
| Georege C. Lombardi, Esquire<br>Bradley F. Graveline, Esquire<br>Michael K. Nutter, Esquire<br>Winston & Strawn, LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | Robert C. Millonig, Esquire<br>Heidi L. Kraus, Esquire<br>Sterne, Kessler, Goldstein & Fox PLLC<br>1100 New York Avenue, N.W.<br>Washington, DC 20005 |

Chad M. Shandler (#3796)
(Shandler@rlf.com)