# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CEPHALON, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No.05-29 (JJF) |
| v | ) ) ) | |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Cephalon, Inc. ("Cephalon") and the University of Utah Research Foundation ("the Foundation"), and Defendant, Barr Laboratories, Inc. ("Barr") are parties to the above-referenced patent infringement case;

WHEREAS Cephalon, the Foundation, and Barr compete in the pharmaceutical industry and discovery in this action will involve the disclosure of certain documents, things and information in the possession, custody or control of Cephalon, the Foundation, Barr, or non-parties, that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

THEREFORE, for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), all discovery and other materials exchanged b the parties or non-parties, or filed with the Court, in the above-captioned action shall be provided subject to the following conditions:

1.    This Protective Order shall apply to all documents, things, or information subject to discovery in this action that are owned, possessed, or controlled by a party or a non-party and that contain its trade secrets or other confidential research, development, or commercial information, including without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery ("Confidential Material").

2.    Each party and any non-party shall have the right to designate as confidential and subject to this Protective Order any Confidential Material that is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth in Paragraphs 3 and 4, below, of the Confidential Material designated to be covered by this Protective Order (hereinafter "Designated CONFIDENTIAL Material"). The duty of the other parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Material so designated shall commence with such notice.

3.    The party or non-party producing any documents or things containing Confidential Material who seeks to invoke protection under this Protective Order for that material shall designate that material by stamping or labeling each page of that document or thing with either the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO

PROTECTIVE ORDER" at the time the document or thing, or a copy thereof, is provided to the requesting party. In addition, that party or non-party may designate certain information for the higher level of confidentiality set forth in Paragraph 5.b. below, by stamping or labeling each page of that document or thing "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —SUBJECT TO PROTECTIVE ORDER." The provisions of this Order that apply to CONFIDENTIAL information, also apply to information marked "HIGHLY CONFIDENTIAL." The inadvertent failure by a producing party to designate specific documents or materials as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information. With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as HIGHLY CONFIDENTIAL at the time of the inspection.

4.    Testimony provided in a deposition and deposition exhibits may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material subject to this Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record given within fourteen (14) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the

3

designating party or non-party. Until expiration of that fourteen (14) day period, the entire deposition and all exhibits thereto will be treated as HIGHLY CONFIDENTIAL under this Protective Order. If no party or non-party timely designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL any information provided in a deposition, then none of the transcript or exhibits (unless previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL) will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those portions and exhibits, shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material pursuant to the terms of this Protective Order. Deposition exhibits previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL do not need to be redesignated to retain their protection under this Protective Order.

      a.     At any deposition session, when counsel for a party or non-party deems that the answer to a question will result in the disclosure of Confidential Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material and subject to this Protective Order. Counsel for the party or the non-party whose Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 7, below, who may have access to such Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

WP3:1106968.1                                                          63987.1001

b.    Deposition transcripts containing testimony with Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS [HIGHLY] CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER." Any deponent may review a transcript designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to ensure that it is accurate and complete, but no deponent, other than individuals described in Paragraph 7 may retain or copy any portion of the transcript of the depositions that contains Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material without permission of the designating party.

5.    Documents, things, and information that shall be treated as:

a.    CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things or information that are Designated CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 4, above. Information can be designated as CONFIDENTIAL Material if, and only if, that material contains or discloses information relating to, referencing, or pertaining to a trade secret or other confidential research and/or development information.

5

     b.     HIGHLY CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things or information that are Designated HIGHLY CONFIDENTIAL Material; (b)portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 4, above. Information can be designated as HIGHLY CONFIDENTIAL Material if, and only if, that material contains or discloses information relating to, referencing, or pertaining to proprietary information that could do harm to the designating party's business advantage (*e.g.*, business plans, marketing plans, production capacity, launch information, customer lists, and technical information).

     6.     Each party and all other persons bound by the terms of this Protective Order shall use any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material designated by a party or non-party other than itself only for the purpose of this civil action, Civil Action No.05-29 (JJF), and shall not use any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material governed by this Protective Order for any other purpose. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

     7.     Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be retained by the receiving or other counsel of the non-designating party and may be disclosed by the non-designating party only to:

a.      The Court and its official personnel;

b       The non-designating party's "Outside Counsel" including:

      i.      Outside counsel of record in Case No.05-29 (JJF) and their law firms' active members, associate attorneys, paralegals, and office staffs working on this case; and

      ii      Outside counsel who are assisting in the litigation but who are not counsel of record in Case No 05-29 (JJF) and their law firms' active members, associate attorneys, paralegals, and office staffs working on this case, so long as such outside counsel have executed a copy of the Confidential Undertaking attached hereto;

c       Subject to the conditions set forth below, the following in-house attorneys from the nondesignating party who have executed a copy of the Confidential Undertaking attached hereto ("In-House Counsel"):

      i      For Cephalon: Randall J. Zakreski, Robert T. Hrubiec, and John E. Osborn; and

      ii     For Barr: Frederick J. Killion and Ling Zeng;

In-House Counsel for Cephalon shall be allowed access to material designated by any party or non-party as CONFIDENTIAL. In-House Counsel for any Defendant shall be allowed access to material designated by Cephalon as CONFIDENTIAL. Without prior written agreement of the designating party or non-party or by Order of the Court, In-House Counsel for any Defendant shall not have access to material designated by any other Defendant or non-party as CONFIDENTIAL.

7

Material designated as HIGHLY CONFIDENTIAL shall not be disclosed to any person described in Paragraph 7.c. without prior written agreement of the designating party or non-party or by Order of the Court.

d.    Outside experts and consultants retained by the non-designating party's Outside Counsel to assist in this litigation (and the expert's or consultant's staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, as provided in Paragraph 8.a., below;

e.    Court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

f.    Jury consultants involved solely in providing litigation support services to Outside Counsel; and

g.    At a deposition, any person currently or formerly an officer, director, employee, patent attorney, or patent agent of or for the party or non-party designating the material as confidential; and

h.    Any other person agreed to by the parties.

8.    Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to a person described in Paragraph 7.d., above, that counsel shall give advance notice as follows:  Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by facsimile followed by a hard copy sent next business day courier) to counsel for the designating party or non-party, and all other parties to this

8

litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking attached hereto as Exhibit A. Counsel for the non-designating party need not specifically identify the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material intended to be disclosed. The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing (by facsimile followed by a hard copy sent next business day courier) to the counsel for the party seeking to make the disclosure. If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to the person or persons in question, the designating party or non-party must file and serve a motion with the Court seeking a protective order to prevent the disclosure of such material to such person or persons. Such motion must be filed with the Court within ten (10) business days of receiving the initial notification under this Paragraph 8, unless agreed otherwise, in writing, among the counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the objecting party or non-party (*i.e.*, the designating party or non-party). A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party

9

seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

9.    Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to any person, and in any manner, not authorized by Paragraph 7, that counsel must give advance notice (by facsimile followed by a hard copy sent next business day courier) to the designating party or non-party of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking attached hereto.  The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by facsimile followed by a hard copy sent next business day courier) to the counsel for the party seeking to make the disclosure  If the parties or party and non-party are unable to resolve any objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to the person or persons in question, the party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place.  The burden of demonstrating good cause for allowing access to the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall lie with the party seeking disclosure (*i e*, the non-designating party).  Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement

10

in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

10.   In no event shall any Designated CONFIDENTIAL Material be disclosed to any person allowed access under Paragraphs 7.b.ii, 7.c, 7.e, 7.f, 7.g (as it relates to former officers, directors, employees, patent attorneys, or patent agents of or for the party or non-party) and 7.h until such person has been shown a copy of this Protective Order and executed a copy of the Confidentiality Undertaking attached hereto. Confidentiality Undertakings executed by persons under Paragraphs 7.b.ii and 7.c shall be disclosed to all parties prior to the disclosure of Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material. Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall not be disclosed to any person who refuses to execute the written Confidentiality Undertaking attached hereto without prior express written leave of the Court.

11.   Any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall file such paper in a sealed envelope, or other appropriately sealed container, that indicates (a) the case caption; (b) the name of the document if it can be disclosed publicly, otherwise an appropriate title by which the document may be identified on the public docket; (c) the name, address and telephone number of the person filing the document; (d) the legend CONFIDENTIAL; and (e) a statement that provides in substance: "This envelope contains documents subject to a Protective Order of the Court. It should not be opened, nor its contents disclosed, revealed, or made public, except by Order of the Court." The

party filing the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material with the Court shall serve notice upon the other parties that the above procedure is being invoked.

12.    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate.    Nor shall any party be precluded from:    (a) claiming that any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is not entitled to the protection of this Protective Order; (b) applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Protective Order; or (c) applying for an Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

13.    The restrictions set forth in this Protective Order shall not apply to documents, things, or information that:

a.    was, is, or will become public knowledge in a manner other than through a violation of this Order; or

b.    is lawfully obtained from a third party or independently developed by the non-designating party, as evidenced by written documentation.

14.    If a party seeks removal of protection for particular items of Designated CONFIDENTIAL Material on the ground that such confidentiality is not warranted under controlling law, the following procedure shall be used:

a.    The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing (by facsimile followed by a hard

copy sent next business day courier), specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing (by facsimile followed by a hard copy sent next business day courier). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.    If the parties, or the party and non-party, cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material must file and serve a motion with the Court; the designated material shall continue to be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

c.    On any motions arising out of the designation of any material as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

15.    This Protective Order is intended to provide a mechanism for the handling of Designated CONFIDENTIAL Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information. Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it

13

may deem appropriate, including, without limitation, attorney-client privilege or work product immunity.

16.    Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

    a.    Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery have been inadvertently produced, the receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 16.b. below, the receiving party shall return such documents or information and any copies to the producing party within fourteen (14) days.

    b.    Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity. If the receiving party believes it has a good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the District Court. Within seven (7) days after receipt of the producing party's request for return, Outside Counsel for the receiving party shall provide the Outside Counsel for

14

the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information. In the event that the inadvertently produced documents or information are not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has seven (7) days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the producing party to file such a motion within seven (7) days from receipt of the receiving party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

     c.     Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

17.     Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return or destroy all Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, including all copies, extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material was obtained, except that counsel of record may retain copies of pleadings and

15

materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and eighty (180) days after the final termination of this civil action.

18. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party or non-party, or by an Order of this Court for good cause shown. The termination of this civil action shall not automatically terminate the directives of this Protective Order.

19. This Protective Order governs the confidentiality of Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material before and after trial. If a party intends to disclose Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material in court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court. That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by facsimile followed by a hard copy sent next business day courier), at least ten (10) business days before making such disclosure, and shall identify in that notice the specific material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

20. Notices under this Order shall be provided to the parties' respective counsel at their addresses indicated below, unless this provision is modified by the parties in writing: notice to Cephalon and to the Foundation shall be to Peter J. Kolovos of WILMER, CUTLER, PICKERING, HALE & DOOR, LLP and Chad M. Shandler of RICHARDS, LAYTON & FINGER, and notice to Barr shall be to George C. Lombardi, Bradley C. Graveline, and Michael K. Nutter of

16

WINSTON & STRAWN LLP and Josy W. Ingersoll and Richard H. Morse of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

21.    Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

22.    No person subject to this Protective Order may disclose, in public or private, any Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material designated by a party or non-party other than itself, except as provided for in this Protective Order. Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL or HIGHLY CONFIDENTIAL material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order

23.    No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information.

24.    If another court or an administrative agency subpoenas or orders production of any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material that a party has obtained under the terms of this Protective Order, such party shall notify the designating party or non-party of the pendency of such subpoena or Order within ten (10) business days of receiving said subpoena or Order.

63987 1001

25.    Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

26.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

27    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order

28.    The foregoing protective order is agreed to and accepted as to both form and substance.

**CEPHALON, INC. and**
**UNIVERSITY OF UTAH**
**RESEARCH FOUNDATION**

**BARR LABORATORIES, INC.**

By:  /s/ Frederick L. Cottrell, III
     Frederick L. Cottrell, III (#2555)
     Chad M. Shandler (#3796)
     RICHARDS LAYTON & FINGER, P.A.
     P.O. Box 551
     One Rodney Square
     Wilmington, Delaware 19899-0551
     Tel: (302) 651-7700
     cottrell@rlf.com

     William F. Lee
     David B. Bassett
     Peter J. Kolovos
     WILMER CUTLER PICKERING
       HALE AND DOOR LLP
     60 State Street
     Boston, Massachusetts 02109
     Tel: (617) 526-6000
     Counsel for Plaintiff

By:  Josy W. Ingersoll (#1088)
     Richard H. Morse (#531)
     Adam W. Poff (#3990)
     YOUNG CONAWAY STARGATT & TAYLOR, LLP
     The Brandywine Building
     1000 West Street, 17th Floor
     Wilmington, DE 19801
     Tel: (302) 571-6600
     jingersoll@ycst.com

     George C. Lombardi
     Bradley C. Graveline
     Michael K. Nutter
     WINSTON & STRAWN, LLP
     35 West Wacker Drive
     Chicago, IL 60601
     Tel: (312) 558-5600
     glombardi@winston.com

18

**ATTORNEYS FOR PLAINTIFFS**
**CEPHALON, INC. AND**
**THE UNIVERSITY OF UTAH**
**RESEARCH FOUNDATION**

Of Counsel:
Robert C. Millonig
Heidi L. Kraus
STERNE KESSLER GOLDSTEIN & FOX PLLC
1100 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-3600
Facsimile: (202) 371-2540

**ATTORNEYS FOR DEFENDANT**
**BARR LABORATORIES, INC.**


IT IS SO ORDERED this _____ day of _____, 2005.


_____
U.S. DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

19

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC. and UNIVERSITY OF UTAH RESEARCH FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-29 (JJF) |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) ) | |

### CONFIDENTIALITY UNDERTAKING

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. My present occupation or job description is _____

_____.

4. I have received and carefully read the Stipulated Protective Order in the above-captioned case, which is dated _____, 2005  I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL material, or its substance, may constitute contempt of this Court and may

20

subject me to sanctions or other remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.

Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: _____        _____

WP3:1106968 1                                                                    63987 1001