# EXHIBIT 5

RLF1-2409499-1

# WINSTON & STRAWN LLP

| Fax Cover Sheet

35 W. WACKER DRIVE, CHICAGO IL 60601-9703
TELEPHONE: 312-558-5600   FACSIMILE: 312-558-5700

200 PARK AVENUE          1700 K STREET, N.W.       38TH FLOOR 333 SOUTH GRAND AVE.   101 CALIFORNIA STREET,     43 RUE DU RHONE          21 AVENUE VICTOR HUGO    BUCKLERSBURY HOUSE
NEW YORK, NY 10166-4193  WASHINGTON, DC 20006-3817 LOS ANGELES, CA 90071-1543         SAN FRANCISCO CA 94111-5894 1204 GENEVA, SWITZERLAND 75116 PARIS, FRANCE       3 QUEEN VICTORIA STREET
212-294-6700             202-282-5000              213-615-1700                       415-591-1000               41-22-317-75-75          33-1-53-64-82-82         LONDON, ENGLAND EC4N 8NH
                                                                                                                                                                   44-0207-420-0000

FROM:   Michael Nutter
        312/558-7058

DATE:   Wednesday, August 24, 2005 11:07:42 AM

### Please Deliver as Soon as Possible To:

RECIPIENT:   Dan Esrick, Peter Kolovos, Greg Teran, Kate Saxton
COMPANY:     Wilmer Cutler Pickering Hale & Door LLP
FAX NO.:     1-617-526-5000
PHONE NO.:   1-617-526-6493

Total number of pages including this page: 03

COMMENTS:

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE. THANK YOU.

312-558-5948

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER

312-558-7058
mnutter@winston.com

August 24, 2005

**BY FACSIMILE AND U.S. MAIL**

Daniel M. Esrick, Esq.
Peter J. Kolovos, Esq.
Gregory P. Teran, Esq.
Kate Saxton, Esq.
WILMER CUTLER PICKERING HALE & DOOR, LLP
60 State Street
Boston, MA 02109

Re: **Cephalon, Inc., et al. v. Barr Laboratories (No. 05-29-JJF)**

Dear Dan:

      I write in response to your August 17th letter requesting that Barr return the identified documents that were ostensibly inadvertently produced. Pursuant to Paragraph 16(b) of the Protective Order, Barr does not believe it is required to comply with your request for the following reasons.

      First, based on the sheer volume of documents identified in your letter, it is clear to us that their production was not "inadvertent." In determining whether a document has lost its privilege through inadvertent disclosure, the court may consider the following factors: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving a party of its error. *McGreevy v. CSS Industries, Inc.*, 1996 WL 412813 (E.D.Pa. July 17, 1996) (citing *Hartford Fire Insurances Company v. Garvey*, 109 F.R.D. 3323, 3324 (N.D.Cal. 1985). In this instance, Plaintiffs disclosed approximately fifty-two (52) pages of allegedly privileged material, which have been identified as approximately twenty-seven (27) separate documents. The inadvertent

WINSTON & STRAWN LLP

Daniel M. Esrick, Esq.
August 24, 2005
Page 2

disclosure of so many documents demonstrates that inadequate precautions were taken by Plaintiffs. A large number of inadvertent disclosures in comparison to the number of documents reviewed, shows lax, careless, and inadequate procedures. *McGreevey* at *3 (citing *Eigenham Bank v. Halpern*, 598 F. Supp. 988 (S.D.N.Y. 1984).

Second, based upon the types of documents identified in your August 17th letter, it appears Plaintiffs were less than diligent in guarding against disclosure. Most of these documents are correspondence on law firm letterhead. As such, these documents are clearly and easily identifiable as a potentially privileged communication. *See Advanced Medical, Inc. v. Arden Meical Sys., Inc.*, 1988 WL 76128 at *3 (E.D.Pa. July 18, 1988) (in assessing care exercise to protect privilege, courts may consider whether disclosed documents reveal on their face that they contain privileged material).

Third, the extent of disclosure also supports a finding that the disclosed documents are no longer shielded by the attorney-client privilege. Barr's counsel has already had the opportunity to digest the privileged information. Thus, the disclosure is already complete. *Id.* (issue is whether opposing party "has learned the 'gist' of the document's contents").

For the foregoing reasons, Barr believes that any privilege that may have applied to the referenced documents and documents pertaining to the same subject matter has been waived. Accordingly, it is Barr's position that the documents need not be returned absent a court order. If Plaintiffs disagree with Barr's position, we ask that Plaintiffs provide us with a letter explaining the basis for such disagreement.

Best regards,

Michael K. Nutter

cc: George C. Lombardi
    Bradley C. Graveline
    Josy W. Ingersoll