# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 23, 2005

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:   Cephalon, Inc., et al. v. Barr Laboratories, Inc.
              Civil Action No. 05-29-JJF

Dear Judge Farnan:

      I write pursuant to Local Rule 7.1.2(c) to bring to the Court's attention the Federal Circuit's recent decision in *Nystrom v. Trex Co., Inc.*, No. 03-1092, 2005 WL 2218632 (Fed. Cir. Sept. 14, 2005) (attached hereto).

      As you know, Defendant Barr Laboratories, Inc. ("Barr") submitted its Response Brief on Claim Construction for U.S. Patent No. 5,863,737 ("the 737 Patent") on July 29th. Plaintiffs filed their Reply Brief in support of their claim construction on August 17th. This Court held a *Markman* hearing on September 14th. That same day, the Federal Circuit released its decision in *Nystrom*. This letter briefly discusses the impact of the *Nystrom* decision on claim construction issues pertinent to the present litigation. The case is significant because it confirms *Phillips v. AWH Corp.*'s reliance on the specification in determining the proper construction of the claims.[1]

      In *Nystrom*, the Federal Circuit construed the claims of a patent directed to materials used for exterior flooring, such as a deck. 2005 WL 2218632 at *1. Specifically, the Federal Circuit considered whether the claim term "board" was limited to "material made from wood cut from a log." *Id.* at *4. The plaintiff-patentee argued that "board" should not be so limited because the specification, while referring to "wood", "[did] not represent a clear disavowal of claim scope." *Id.* The plaintiff also argued that there was no unambiguous disavowal in the prosecution history. *Id.*

      The Federal Circuit rejected plaintiff's arguments, holding that "[a]lthough there was no clear disavowal of claim scope, there was nothing in the intrinsic record" to demonstrate that the terms should be interpreted more broadly. *Id.* at *7. In reaching its conclusion, the Federal Circuit relied heavily on its recent opinion in *Phillips*, which held that claim terms

---

[1]     415 F.3d 1303 (Fed. Cir. 2005).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
September 23, 2005
Page 2

should be given "the meaning that the term[s] would have to a person of ordinary skill in the art ... at the time of the invention ... [viewed] in the light of the *entire intrinsic record*." *Nystrom*, 2005 WL 2218632 at *4 (quotation marks and citations omitted, emphasis added). Indeed, the Federal Circuit noted that "[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Id.* (quotation marks and citations omitted).

With the teachings of *Phillips* in mind, the Federal Circuit concluded in *Nystrom* that the term "board" must be limited to items made of wood. *Nystrom*, 2005 WL 2218632 at *7-8. Indeed, the court noted, "[t]he Background of the Invention ... frames the invention in the context of wood decking materials cut from logs, even though it acknowledges that other materials exist ... [and that] context is maintained throughout the written description." *Id.* at *5-6. Furthermore, the court reasoned, even absent the finding of a "clear disavowal of claim scope," the claim must be limited because of the patentee's "consistent use of the term" as limited to wood in the specification. *Id.* at 6. The Federal Circuit further declared:

> What *Phillips* now counsels is that in the absence of something in the written description and/or prosecution history to provide explicit or implicit notice to the public--i.e., those of ordinary skill in the art--that the inventor intended a disputed term to cover more than the ordinary and customary meaning *revealed by the context of the intrinsic record*, it is improper to read the term to encompass a broader definition simply because it may be found in a dictionary, treatise, or other extrinsic source.

*Id.* at 7 (emphasis added). As a result, because of the absence of support in the intrinsic record for a broad meaning of the term, the Federal Circuit reasoned that plaintiff's expansive interpretation must be rejected. *Id.* at 7-8.

The parallels between *Nystrom* and the present case are striking. Here, Plaintiffs argue for an expanded construction of claim terms to encompass the use of liquid in making lollipop dosage forms. Plaintiffs' proposed construction is based largely on abstract definitions that ignore the intrinsic record. Like *Nystrom*, the specification of the '737 patent clearly demonstrates that the terms are more limited; the invention is directed "to compositions and methods of manufacture of *compressed powder* matrixes for medicaments used in the transmucosal delivery of the medicaments." *'737 Patent*, Col. 1 ll. 18-21 (the opening paragraph of the "Background" section) (emphasis added). As in *Nystrom*, the allegedly inventive step of mixing dry, solid powders is described and maintained throughout the written description and therefore, even absent a clear disavowal, there is no support for the conclusion that the ordinary artisan would have construed the '737 patent to cover more than dry mixing and compression of dry powders. Plaintiffs' construction, on the other hand, does not take account of the overwhelming evidence in the specification and prosecution history that the invention was of mixing dry powders.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
September 23, 2005
Page 3

        In conclusion, the Federal Circuit's *Nystrom* decision further emphasizes that Plaintiffs "[are] not entitled to a claim construction divorced from the context of the written description and prosecution history." 2005 WL 2218632 at *7. When read in conjunction with the '737 patent's written description and prosecution history, Barr's is the only construction "that stays true to the claim language and most naturally aligns with the patent's description of the invention." *See id.* at *4.

                                                 Respectfully submitted,

                                                 Josy W. Ingersoll (No. 1088)

JWI:cg
Enclosure

cc:    Clerk of the Court (by CM/ECF and hand delivery)
        Frederick L. Cottrell, III, Esquire (by e-mail)
        David B. Bassett, Esquire (by e-mail)
        George C. Lombardi, Esquire (by e-mail)
        Bradley C. Graveline, Esquire (by e-mail)